Lois Hawkins **GENTRY**, Plaintiff and Counter–Defendant/Appellant,

v.

S. Trabon **GENTRY**, Executor of the Estate of Donnie Ray Gentry, Defendant and Counter–Plaintiff,

and

**Marcus Todd Gentry and Judy Eades,** As Natural Guardian of Robert Jeffrey Gentry, Defendants and Counter–Plaintiffs/Appellees.

Supreme Court of Tennessee, at Knoxville.

June 24, 1996.

O. Michael Carter, Terry McGhehey, Lusk, Carter and McGhehey, Chattanooga, W. Neil Thomas, III, Schumacker & Thompson, P.C., Chattanooga, for Plaintiff and Counter–Defendant/Appellant.

Mitchell Aaron Byrd, Chattanooga, for Defendants and Counter–Plaintiffs/Appellees.

## OPINION

REID, Justice.

This case presents for review the decision of the Court of Appeals that the judgment granting a divorce to the parents of a child under 18 years of age on the ground of irreconcilable differences was void *ab initio* because the complaint had not been on file for 90 days when the judgment was entered. This Court finds that the judgment is not subject to collateral attack by the heirs of the deceased husband, and, therefore, the decision of the Court of Appeals is reversed.

The facts that relate to the disputed issue are not controverted. The decedent, Donnie Ray Gentry, and Judy Eades Gentry are the parents of two children, Marcus Todd Gentry and Robert Jeffrey Gentry. On August 4, 1985, when Marcus Todd Gentry was 14, Judy Eades Gentry filed suit for divorce. Seventy-three days after the filing date, on October 18, 1985, judgment was entered granting the parties a divorce on the ground of irreconcilable differences.[1] All requirements of Tenn.Code Ann. § 36–4–103 were

complied with, except the 90 day waiting period.[2]

Subsequent to the 1985 divorce, Donnie Ray Gentry and Carolyn Yvonne Enlow contracted a marriage. Thereafter, they were granted a divorce. Subsequently, on July 31, 1991, Donnie Ray Gentry and the plaintiff, Lois Hawkins Gentry, contracted a marriage.

On June 13, 1992, Donnie Ray Gentry died. By his last will and testament, he devised all his property to Marcus Todd Gentry and Robert Jeffrey Gentry. After the will was probated, Lois Hawkins Gentry filed pleadings asserting a surviving spouse's elective share of the decedent's estate pursuant to Tenn.Code Ann. § 31–4–101 (Supp.1995). The executor responded with the claim that Lois Hawkins Gentry was not the surviving spouse of Donnie Ray Gentry. That assertion was based upon the contention that the decree granting Donnie Ray Gentry and Judy Eades Gentry a divorce was void because it was entered prior to the expiration of 90 days from the date the complaint was filed, in violation of Tenn.Code Ann. § 36–4–103(c).

The trial court found that entry of the judgment prior to the expiration of the 90 day waiting period did not render the judgment void, that the marriage between Donnie Ray Gentry and Lois Hawkins Gentry was valid, and, therefore, Lois Hawkins Gentry was the decedent's surviving spouse.

The Court of Appeals reversed. That court found that the judgment granting the divorce was void, and, therefore, was subject to collateral attack on behalf of the children of that marriage.

### Validity of the Divorce Decree

■ The first issue for decision is whether the judgment awarding the decedent and Judy Eades Gentry a divorce was void. Res-

---

1. *See* Tenn.Code Ann. § 36–4–103 (1991).

2. Section 36–4–103(c) provides:
   Bills for divorce on the ground of irreconcilable differences must have been on file for sixty (60) days before being heard if the parties have no unmarried child under eighteen (18) years of age and the same must have been on file at least ninety (90) days before being heard if the parties have an unmarried child under eighteen (18) years of age. The sixty (60) or ninety-day period bills for divorce which must be on file shall commence on the date the original bill was filed and not on the date the bill was amended to include the ground of irreconcilable differences.

olution of that issue lies in the distinction between a void judgment, which is subject to collateral attack and a voidable judgment, which is not subject to collateral attack.[3] The distinction is stated by that most respected authority on chancery procedure, *Gibson's Suits in Chancery*, as follows:

> The Chancery Court is a Superior Court of general Equity jurisdiction, and all of its decrees are presumed to be valid, and this presumption is conclusive against collateral attack, unless it affirmatively appears, on the face of the record itself: (1) that the Court had no general jurisdiction of the subject matter of the litigation; or (2) that the decree itself is wholly outside of the pleadings, and no binding consent thereto is shown in the record; or (3) that the Court had no jurisdiction of the party complaining, in person or by representation of interest; in which case it is void only as to such party, or his privies.
>
> A decree is absolutely void if it appears on the face of the record itself either that the Court had no general jurisdiction of the subject matter, or that the decree is wholly outside of the pleadings, and no consent thereto appears. A decree is void as to any person shown by the record itself not to have been before the Court in person, or by representation. A decree not *prima facie* void is valid and binding, until it is either (1) reversed by the Supreme Court, or by the Court of Appeals; or (2) is set aside on a complaint filed to impeach it.
>
> All decrees not thus appearing on their face to be void are absolutely proof against collateral attack, and no parol proof is admissible on such an attack to show any defect in the proceedings, or in the decree.

William H. Inman, *Gibson's Suits in Chancery* § 228 at 219–20 (7th ed. 1988).

Tested by the standard for a void judgment, the divorce decree in this case is not subject to collateral attack. The court obviously had general jurisdiction of the subject matter, a suit for divorce; the decree awarding the divorce was not outside the pleadings, it was the specific relief sought; and, the court had jurisdiction of the parties, both of whom appeared in person and by pleadings. The conclusion that Section 36–4–103(c) mandates that a complaint for divorce be on file 90 days before being heard, does not mean necessarily that a decree entered upon a hearing held less than 90 days subsequent to the filing is void. Failure to comply with the 90 day requirement does not render the decree "wholly outside of the pleadings." *Gibson's Suits in Chancery*, § 228 at 219. Since the decree is not void, it is either voidable or valid, *Gibson's Suits in Chancery* § 193 at 194, and, in either event, cannot be reversed through a collateral attack by the children of the parties to the divorce suit.

The few Tennessee cases involving similar attacks on divorce decrees support this conclusion that a divorce decree is void and subject to collateral attack only where the trial court lacks general jurisdiction of the subject matter, rules on an issue wholly outside of the pleadings, or lacks jurisdiction over the party complaining. In *Page v. Turcott*, 179 Tenn. 491, 167 S.W.2d 350 (1943), the issue was whether the judgment was void because it decided a matter outside of the pleadings. In that case, heirs challenged the deceased's marriage on the ground that a prior divorce was void because the complaint did not set forth with reasonable certainty facts which would show that the claims of abandonment and non-support were willful, and because the appointment of the special judge granting the divorce was not in conformity with the statute. The Court concluded that "the allegations of [the] petition were sufficient to confer jurisdiction." The Court also found that nothing "on the record show[ed] that the election of the Special Judge was not in all respects in conformity to the governing statutes." The Court concluded, "[w]hile it is true that the minute entry recites a conclusion only, this recital pre-

---

3. If an action or proceeding is brought for the very purpose of impeaching or overturning a judgment, it is a direct attack upon it. . . . On the other hand, if the action or proceeding has an independent purpose and contemplates some other relief or result, although the over-

turning of the judgment may be important, or even necessary to its success, then the attack upon the judgment is collateral.
*Turner v. Bell*, 198 Tenn. 232, 279 S.W.2d 71, 75 (1955) (quoting *Jordan v. Jordan*, 145 Tenn. 378, 454, 239 S.W. 423, 445 (1922)).

cludes collateral attack." *Id.,* 167 S.W.2d at 354.

In the case of *Brown v. Brown,* 198 Tenn. 600, 281 S.W.2d 492 (1955), which the Court of Appeals relied upon, the Court held that an award of alimony to the defendant was void and, therefore, subject to collateral attack. The judgment was found to be void because the applicable statute provided that a wife was not entitled to alimony when a husband was granted the divorce. That decision provides no support for the attack upon the divorce decree in this case. Here, the court had the authority to grant a divorce on the ground of irreconcilable differences, even though it exercised that power prematurely. As stated in *Brown,*

> A distinction must be made in this regard between the mere erroneous exercise of a power granted, and the usurpation of a power where none exists.

*Id.* 281 S.W.2d at 499.

In *Turner v. Bell,* 198 Tenn. 232, 279 S.W.2d 71 (1955), the issue was whether the court had jurisdiction of the complainant in the divorce case. The petitioner alleged that the judgment was void because her ward, the original complainant, had been adjudged insane, and, therefore, the court had no jurisdiction of the party complaining or the cause of action. The petitioner sought a declaration that the decree granting her ward a divorce from the decedent husband was void, that the subsequent marriage of the decedent was void, and that the ward was entitled to homestead and dower in the decedent's property. On appeal, this Court affirmed the decision that the decree was valid, noting that "[b]eing a collateral attack it will only lie against a decree void *ab initio,*" that the decree was "valid upon its face in every respect," and that an insane person can "sue and be sued in his own name if the defendant fails to object thereto." *Id.* 279 S.W.2d at 75, 79, 80.

In *Gordon v. Pollard,* 207 Tenn. 45, 336 S.W.2d 25 (1960) *overruled on other grounds, Davis v. Davis,* 657 S.W.2d 753 (Tenn.1983), the challenge to the divorce decree involved the court's jurisdiction over the parties. *Gordon v. Pollard* was an action for damages for personal injuries sustained by the plaintiff while riding as a passenger in a vehicle operated by the defendant. At the time of the accident, the plaintiff and the defendant were married. Subsequently the marriage was annulled. In her action for damages, the plaintiff asserted that the marriage was void because they had obtained a marriage license by misrepresenting their ages. However, the Court concluded that though the marriage may have been voidable, it was not void.

In *Overby v. Overby,* 224 Tenn. 523, 457 S.W.2d 851 (1970), the Court found a judgment awarding child support void because the trial court did not have jurisdiction over the defendant, who was not before the court either by service of process or by appearance. The Court concluded "[t]hat a judgment *in personam* against a defendant who is not before the court either by service of process or by the entry of appearance is void...." That decision, however, does not support the attack on the divorce decree in this case, where both parties were before the Court.

■ These cases recognize that where the court has general jurisdiction of the subject matter and jurisdiction over the parties, and where the court's decree of divorce is not "wholly outside of the pleadings," a divorce decree will not be deemed void. It follows that absent such a *prima facie* void decree, a flaw in procedure will not render a decree void. Accordingly, the decree awarding Judy Eades Gentry and Donnie Ray Gentry a divorce is not void and, therefore, is not subject to collateral attack.

This determination renders unnecessary consideration of the children's standing to attack the decree.

*Amendment to the Statute*

A recent amendment to Tenn.Code Ann. § 36–4–103 confirms the validity of divorce decrees entered prior to the expiration of the waiting period set forth in that statute. Chapter 655, Public Acts of 1996, effective March 22, 1996, provides as follows:

SECTION 2. Tennessee Code Annotated, Section 36–4–103, is amended by adding

the following language as a new subdivision to subsection (c):

(1) A divorce decree or order issued prior to the effective date of this act, in which the hearing for such divorce occurred before the specified time periods required by this subsection, shall remain valid and the parties shall remain divorced. Likewise, all other issues resolved in the divorce decree, order or agreement such as distribution of marital property, alimony, child support and custody shall remain valid and in full force and effect.

SECTION 3. The provisions of this act are declared to be remedial in nature and the provisions of this act shall be liberally construed to effectuate its purposes.

It is clear from the language of this statute that the legislature considered that a divorce decree was not void because it was entered upon a hearing held prior to the expiration of the relevant waiting period. The provisions that such decrees "shall remain valid" and "all other issues resolved in the divorce decree ... shall remain valid and in full force and effect," indicate that those decrees are considered to be valid unless subjected to direct attack. Stated conversely, if such decrees were void, they would have no validity that could be perpetuated by statute.

 This statute by its very language applies to decrees entered prior to its effective date. It is effective to accomplish its stated purpose because it is remedial, and because it does not undertake to disturb vested rights. *See: Kuykendall v. Wheeler,* 890 S.W.2d 785, 787 (Tenn.1994) ("[r]emedial or procedural statutes apply retrospectively ..."); *Shell v. State,* 893 S.W.2d 416, 419–420 (Tenn.1995). The property in which the plaintiff undertakes to assert an interest was owned by the decedent at the time of his death and is subject to administration. Though the property vested in the beneficiaries on the date of death, it vested subject to the discharge of claims made against the estate.[4] Tenn.Code Ann. § 31–2–103 (Supp.

1995). Consequently, recognition of the divorce decree as valid will not disturb vested rights.

The judgment of the Court of Appeals is reversed, and the case is remanded to the trial court. Costs are taxed to Marcus Todd Gentry and Robert Jeffrey Gentry, for which execution may issue.

BIRCH, C.J., and DROWOTA, ANDERSON and WHITE, JJ., concur.

---

4. "If the personal property available therefor appears to be insufficient to pay debts and expenses, the personal representative,·or a creditor [may] file a petition in the court in which the estate is being administered, for the sale of the decedent's land...." Tenn.Code Ann. § 30–2–402(a) (1984).