# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

JEANETTE NEAL HALL )
)
    Plaintiff/Appellant )
v. )
)
ROY DONALD HALL, Deceased, )
ANNETTE ELAINE (HALL) )
DENSON, Administratrix of estate )
of Roy Donald Hall )
)
    Defendant/Appellee )

Sumner County 42-34

No. 01A01-9805-CH-00263

**FILED**

**January 22, 1999**

**Cecil W. Crowson**
**Appellate Court Clerk**

APPEAL FROM THE CHANCERY COURT OF SUMNER COUNTY
AT GALLATIN, TENNESSEE

THE HONORABLE TOM GRAY PRESIDING

RANDLE W. HILL
Washington Square
Suite 310
222 Second Ave. North
Nashville, TN 37201
    Attorney for Plaintiff/Appellant

HOWARD M. SKIPWORTH
3353 Union Hill Road
Suite C
Post Office Box 489
Joelton, TN 37080
    Attorney for Defendant/Appellee

**AFFIRMED AND REMANDED**

PATRICIA J. COTTRELL,
JUDGE

CONCUR:

CANTRELL, J.
CAIN, J.

OPINION

In this action, the plaintiff seeks to have declared void a 1979 divorce decree which ended her marriage at her request and which was executed by plaintiff and her attorney. The trial court denied plaintiff's motion for relief from judgment, holding that the allegations of technical defects in the 1979 decree that would render that order void were without merit. We affirm the trial court's ruling.

The plaintiff, Jeanette Neal Hall, and Roy Donald Hall, who is now deceased, were married in 1957. On January 2, 1979, Jeanette Hall filed for divorce based on cruel and inhuman treatment and irreconcilable differences. The case was set for trial on April 9, 1979, and witnesses were subpoenaed. On May 21, 1979, the final Order granting divorce was entered by the Chancellor of the Chancery Court of Sumner County. That Order was signed by both parties and their respective attorneys. The divorce decree ordered that the parties would continue to own their real property as tenants in common until it was sold and instructed the parties to sell the real property within a reasonable time and to divide the proceeds equally. The decree also ordered that the parties each receive one-half of the furniture and household goods of the parties.

On November 13, 1997 Roy Donald Hall died intestate. On March 13, 1998 Ms. Hall filed a motion for relief from judgment pursuant to Rule 60.02(3) of the Tennessee Rules of Civil Procedure alleging that the 1979 divorce decree was void *ab intio* because it failed to comply with certain technical statutory requirements then applicable to divorces and embodied in Tenn. Code Ann. § 36-

2

801 (1978).[1] Specifically, Ms. Hall alleged that the order did not grant her a divorce, but rather, granted a divorce to both parties. Secondly, the plaintiff alleged that the divorce decree is defective because it does not contain an affirmative finding that the parties had made, by written agreement, adequate and sufficient provision for the equitable settlement of property rights between them. Ms. Hall asserted that these requirements were mandatory, and that a decree of divorce granted in contravention of these provisions is void.

The trial court held that these alleged technical defects in the 1979 decree did not render that Order void, denied the motion, and dismissed the action.

The resolution of this case turns on the proper standard for determining if a judgment is void *ab initio.* The Tennessee Supreme Court recently decided a case involving a similar attack on a divorce decree in *Gentry v. Gentry*, 924 S.W.2d 678 (Tenn. 1996). In its opinion in *Gentry*, the Court clearly stated the test for determining whether a judgment is void:

> These cases recognize that where the Court has general jurisdiction of the subject matter and jurisdiction over the parties, and where the Court's decree of divorce is not "wholly outside of the pleadings," a divorce decree will not be deemed void. It follows that absent such a *prima facie* void decree, a flaw in procedure will not render a decree void.

*Id.* at 681.

---

[1] Tenn. Code Ann. § 36-801 provided, in relevant part:

> No divorce shall be granted on the ground of irreconcilable differences unless the Court shall affirmatively find in its decree that the parties have made adequate and sufficient provision by written agreement for the custody and maintenance of any children of that marriage and for the equitable settlement of any property rights between the parties.

The Court relied upon the following excerpt from *Gibson's Suits in Chancery*:

> The Chancery Court is a Superior Court of general Equity jurisdiction, and all of its decrees are presumed to be valid, and this presumption is conclusive against collateral attack, unless it affirmatively appears, on the face of the record itself: (1) that the Court had no general jurisdiction of the subject matter of the litigation; or (2) that the decree itself is wholly outside of the pleadings, and no binding consent thereto is shown in the record; or (3) that the Court had no jurisdiction of the party complaining, in person or by representation of interest; in which case it is void only as to such party, or his privies.
>
> A decree is absolutely void if it appears on the face of the record itself either that the Court had no general jurisdiction of the subject matter, or that the decree is wholly outside of the pleadings, and no consent thereto appears. A decree is void as to any person shown by the record itself not to have been before the Court in person, or by representation. A decree not prima facie void is valid and binding, until it is either (1) reversed by the Supreme Court, or by the Court of Appeals; or (2) is set aside on a complaint filed to impeach it.

William H. Inman, *Gibson's Suits in Chancery* § 228 at 219-20 (7th ed. 1988).

Thus, under *Gentry*, [2] Plaintiff could sustain her attack on the May 1979 Order only by showing that the Court lacked jurisdiction of the subject matter or the parties or that the Order was wholly outside the pleadings. Plaintiff's position is that the trial court had no jurisdiction to award the 1979 divorce

---

[2] At oral argument, plaintiff argued that *Gentry* is not controlling in this situation because *Gentry* involved a collateral attack while the instant case is a direct attack upon the prior judgment. Plaintiff is correct in characterizing this claim as a direct attack since this action "is brought for the very purpose of impeaching or overturning a judgment." *Gentry* at 680 n.3, (quoting *Jordan v. Jordan*, 145 Tenn. 378, 454, 239 S.W. 423, 445 (1922), quoting *Turner v. Bell*, 198 Tenn. 232, 279 S.W.2d 71, 75 (1955). However, the type of proceeding in which a challenge to the validity of a judgment is raised is not determinative of whether the judgment is void, voidable, or valid. Rather, as the Court in *Gentry* explained, the opposite analysis applies. If a judgment is void, it may be attacked collaterally as well as directly. However, a merely voidable judgment may only be attacked directly. *Gibson's* at § 228. The instant action involves a claim that the prior judgment is void, as did *Gentry*. The Supreme Court's holding regarding the standard for determining whether a judgment is void is applicable to the instant attack on the prior judgment.

4

because the Court did not follow certain statutory requirements which Plaintiff characterizes as mandatory. Plaintiff asserts that the trial court in 1979 failed to "affirmatively find in its decree that the parties have made adequate and sufficient provision by written agreement ... for the equitable settlement of any property rights between the parties" as then required by Tenn. Code Ann. § 36-801. Consequently, the Plaintiff argues, the Court was without jurisdiction to grant a divorce on the ground of irreconcilable differences.

In *Gentry*, the divorce decree under attack had been entered upon a hearing held fewer than ninety (90) days after the filing of the complaint, even though the applicable statute required that "bills for divorce on the ground of irreconcilable differences must have been on file ... at least ninety (90) days before being heard..." Tenn. Code Ann. § 36-4-103(c) (1991). The Supreme Court viewed the failure to observe the statutory ninety (90) day waiting period as a "flaw in procedure" which would not render the decree void.[3] *Id.* at 681.

The alleged deficiencies of the decree entered in this case on May 21, 1979 are, at most, procedural flaws. It appears to this Court that, after hearing the plaintiff's motion, the trial court implicitly, and correctly, determined that the Order complied with the language of Tenn. Code Ann. § 36-801. The trial court found that "the parties, on the 9th day of April, 1979, made an equitable settlement of property rights between them and that by signing the Order submitted to the Chancellor for entry, they made written agreement as to any property rights between them." To the extent that it can be argued that the May 1979 Order does not comply with the statute because it does not include the

---

[3] In *Gentry*, the failure to comply with the statutory waiting period was discussed in the context of whether the decree was "wholly outside the pleadings", the Court having found that the trial court had "obviously had general jurisdiction of the subject matter, a suit for divorce."

words "the parties have made adequate and sufficient provision by written agreement for the equitable settlement of any property rights ...", where the Order on its face reflects an agreed distribution of property, such a deficiency is, at most, a procedural flaw under *Gentry*, and does not render the Order void *ab initio*.

Plaintiff's arguments that Tenn. Code Ann. § 36-801 is mandatory rather than permissive are unavailing, or, more properly, irrelevant, in view of the Supreme Court's opinion in *Gentry* wherein the Court concluded that failure to observe the statutory mandate did not render the judgment void. *Id*. at 680.

Plaintiff's claims regarding the invalidity of the judgment because the trial court appeared to have granted the divorce to both parties, rather than to one of them, also must fail. This argument was raised in the trial court as "not the proper procedure at that time." In neither the trial court nor this Court has Plaintiff relied upon any statute. In any event, Plaintiff sued for divorce, and a divorce was granted. Plaintiff has failed to show that the divorce decree ordering that the parties "are divorced" was not within the Court's jurisdiction or wholly outside the pleadings.

In this Court, Plaintiff has raised as an issue the statutory provision which prohibits granting of a divorce on the grounds of irreconcilable differences when there has been a contest or denial. It appears that this issue was not raised in Plaintiff's Motion for Relief from Judgment and not considered by the trial court. However, the trial court herein specifically found, "the parties, attorney, and witnesses appeared on the 9th day of April, 1979 for trial and an announced settlement was made to the Court." As noted above, the May, 1979 Order granting divorce was signed by both parties and their attorneys. Although the

6

trial court made no conclusion of law regarding this issue, the trial court's findings of fact dispose of the claim. Even if Mr. Hall originally contested the divorce, he later withdrew that contest and agreed to the May, 1979 Order.

To prevail on her motion the plaintiff would have to show that the trial court lacked subject matter jurisdiction, lacked personal jurisdiction or entered an order which is completely beyond the scope of the pleadings. No issue of personal jurisdiction has been raised. The trial court clearly had subject matter jurisdiction over suits for divorce. The divorce decree, agreed to by plaintiff, granted the divorce plaintiff sought and ordered distribution of the property. It was neither wholly outside the pleadings nor in excess of the court's jurisdiction. Therefore, on the basis of *Gentry* and the portions of *Gibson's* adopted therein, we concur with the trial court and find that Ms. Hall has not carried her burden.

Accordingly, the decree awarding Jeanette Hall and Roy Donald Hall a divorce is not void. The judgment of the trial is affirmed, and the case is remanded to the trial court for any further proceedings which might arise. Costs are taxed to Jeanette Hall for which execution may issue.

_____
PATRICIA J. COTTRELL, JUDGE


CONCUR:


_____
BEN H. CANTRELL, PRESIDING JUDGE, M.S.


_____
WILLIAM B. CAIN, JUDGE