# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

MARY E. LESSLEY,          )
                                           )

        Petitioner/Appellee,     )

                                           )      Appeal No.

                                         )      01-A-01-9805-CV-00233

VS.                         )

                                         )      Robertson County Circuit Court

                                         )      No. 7862

CHARLES F. SHOPE, JR.     )

                                         )

        Respondent/Appellant.   )

**FILED**

**May 26, 1999**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

## APPEAL FROM THE ROBERTSON COUNTY CIRCUIT COURT AT SPRINGFIELD, TENNESSEE

### THE HONORABLE CAROL CATALANO, JUDGE

COLLIER W. GOODLETT
Assistant Public Defender
19th Judicial Circuit
Clarksville, Tennessee  37040

Attorney for Defendant/Appellant

JOHN KNOX WALKUP
Attorney General and Reporter

SUE A. SHELDON
Assistant Attorney General
2nd Floor, Cordell Hull Building
425 5th Avenue, North
Nashville, Tennessee  37243

Attorney for Plaintiff/Appellee

## AFFIRMED AND REMANDED

PATRICIA J. COTTRELL, JUDGE

CONCUR:
CANTRELL, J.
CAIN, J.

# OPINION

This case involves an appeal of an order finding Defendant, Charles F. Shope, Jr., in willful and deliberate civil contempt of court for failure to pay child support. The order gave Mr. Shope thirty-one days from its entry date to pay $350.00 in child support arrearage to the clerk of court or face imprisonment until such time as he purged himself of the contempt. Mr. Shope challenges the trial court's jurisdiction to issue the contempt order on the basis of alleged procedural aspects of an attachment issued against him. He also claims that the underlying divorce judgment that originally set child support was invalid. He also argues that he was entitled to a jury trial. We affirm the trial court.

The May 13, 1998 final order which is the subject of this appeal followed a March 18, 1998 hearing wherein Mr. Shope testified that he quit his last job in 1997 because he knew the State would soon renew its efforts to prosecute him for failure to pay child support. He admitted that despite his lack of any disabilities, he remained voluntarily unemployed to avoid sanctions for failure to pay the child support. Mr. Shope further testified that paying child support violated his principles and he believed the original divorce decree setting and ordering the child support payments was invalid. The State presented proof that Mr. Shope had paid no child support since 1992.

After hearing the evidence, the trial court found Mr. Shope in deliberate and wilful contempt of court and ordered him incarcerated on the thirty-first day after entry of the order unless he purged himself of the contempt by paying $350.00 to the clerk of court. It also granted Ms. Lessley child support arrearage.

That hearing resulted from a January 28, 1998 show cause order notifying Mr. Shope of the civil contempt charges, setting a hearing date, and informing him that if the allegations in the Petitioner's petition were proved, he would face incarceration. The show cause order was based upon Petitioner's amended process/petition for civil contempt and for increase in child support, filed January 28, 1998. Those pleadings recounted the history of the litigation between the parties, including Mr. Shope's four previous contempt citations for failure to pay child support. The petition stated that Mr. Shope's appeal of the trial court's most recent contempt order, which sentenced him to ten (10) days incarceration, imposed a fine, awarded Ms. Lessley $18,149.99, and ordered him to continue paying support and arrearages, was pending.[1] The amended petition sought support payments from the date Mr. Shope lodged his appeal on September 26, 1997, an increase in the amount of child support, and incarceration until Mr. Shope purged the contempt by paying the support and arrearage owed. The trial court subsequently appointed counsel for Mr. Shope.

## I.

In Mr. Shope's appeal of this order, his appellate counsel filed a "cleaned up" version of a pro se trial brief Mr. Shope authored prior to appointment of counsel. In this brief, Mr. Shope appears to argue that (1) the trial court lacked jurisdiction because an earlier attachment violated requisite statutory procedures; (2) because the contempt order against him was

---

[1] This court has since reversed that September 25, 1997 order finding Mr. Shope in criminal contempt because the trial court found him indigent and appointed counsel, but proceeded to hear the case's merits in the absence of counsel or a waiver of Mr. Shope's right to representation. *Lessley v. Shope*, 1998 Tenn. App. LEXIS 482, No. 01-A-01-9710-CV-00617 (Tenn. App. July 17, 1998).

criminal, he received inadequate notice of the charges in violation of his due process rights and Rule 42 of the Tennessee Rules of Criminal Procedure; (3) he was denied his right to a jury trial; and (4) the original divorce order awarding child support was invalid due to the issuance of an ex parte restraining order, the denial of sanctions against Ms. Lessley and her counsel, the denial of his motion for appointment of a stenographer, the improper calculation of the amount of child support, and inadequate notice of a hearing.

We find that Mr. Shope's arguments lack merit for the reasons set forth below.

## II.

The record refutes Mr. Shope's contention that the trial court lacked jurisdiction over him. It shows that Mr. Shope resided in Tennessee and the trial court had exercised jurisdiction over him previously in the original divorce action and previous child support enforcement proceedings. *See Tennessee Dept. of Human Services v. Daniel*, 659 S.W.2d 625, 626 (2) (Tenn. App. 1983). His prior submission to the trial court's jurisdiction was sufficient to establish personal jurisdiction here. *See Branch v. Branch*, 249 S.W.2d 581, 582 (1) (1952).

In addition, the record reflects that Mr. Shope was served with the amended petition on January 28, 1998 and that Mr. Shope appeared at various hearings including the May 13, 1998 hearing upon which the appealed order is based. Obviously, the trial court had personal jurisdiction over Mr. Shope and jurisdiction to enforce its prior orders. *See Dixie Sav. Stores, Inc. v. Turner,* 767 S.W.2d 408, 410 (Tenn. App. 1988).

Mr. Shope's arguments, however, that the court lacked jurisdiction are based primarily on his assertions that certain procedural irregularities existed

in an attachment which was issued by the court on November 7, 1997, commanding Mr. Shope's arrest and appearance to answer a charge of contempt for failure to comply with orders requiring him to pay child support and appear in court. The trial court set bond in the amount of $2,500.

During a December 18 hearing on the matter, the State successfully moved to amend its pleadings to reflect that it sought civil, rather than criminal, contempt sanctions for the time period between September 26, 1997 and November 7, 1997. At a subsequent hearing, the trial court informed Mr. Shope of the nature of a civil charge, the applicability of the rules of civil procedure, and the available civil sanctions.

Mr. Shope's claims regarding any irregularities in the attachment procedure are simply misplaced. The order which is the subject of this appeal is a final order entered after a full hearing where Appellant was represented by counsel and where the hearing was preceded by clear, adequate, and apparently repeated, notice of the nature of the proceedings and the possible sanctions. Mr. Shope was found guilty of willful and deliberate civil contempt of court and sanctioned appropriately for civil contempt. Nothing about the earlier attachment has any relevance to the civil contempt proceeding which is under appeal. Further, Appellant's failure to indicate how the errors he alleges in the attachment harmed him with regard to the order finding him in civil contempt precludes reversal. *Southern Bell Telephone and Telegraph Co. v. Skaggs*, 241 S.W.2d 126, 134 (11) (1951) (a showing of both harm and error is required for reversal).

Appellant was not found guilty of criminal contempt nor sentenced as punishment for criminal contempt. It appears that the criminal contempt charges of which Mr. Shope complains were abandoned by the State (acting

on behalf of Petitioner) when the pleadings were amended to allege civil contempt. Appellant has not alleged and cannot show any harm to him from the amendment of the pleadings to seek civil rather than criminal contempt. See *Helson v. Cyrus*, 1999 WL 166414, * 2, No. 01-A-01-9809-CH-00507 (Tenn. App., March 29, 1999).

The only order of the trial court which is before this court for review is the order finding Appellant in deliberate and willful civil contempt and ordering his incarceration if, and so long as, he fails to comply with the court's orders to pay child support. Since Appellant "carried the keys to the jail," the court's contempt order was clearly civil, in substance as well as form. *Crabtree v. Crabtree*, 716 S.W.2d 923, 925 (Tenn. App. 1986). Mr. Shope's assertions that the procedure was criminal in nature are simply incorrect, and his arguments based on that erroneous assertion must fail.

III.

We reject Mr. Shope's contention that reversal is required because his right to a jury trial was abridged. Generally, the constitutional right to a jury trial does not attach to civil contempt proceedings. *See Pass v. State*, 184 S.W.2d 1, 3 (Tenn. 1944). Moreover, the record contains no showing that Mr. Shope ever asserted a proper demand for a jury trial. Tenn. R. App. P. 36 (a).

IV.

Mr. Shope's collateral attack on the underlying judgment of divorce likewise provides no ground for reversal. Such attacks are viable only if it appears affirmatively on the face of the record that the trial court lacked subject matter jurisdiction, ruled on an issue wholly outside the pleadings without the parties' consent, or lacked jurisdiction over the complaining party. *Gentry v. Gentry*, 924 S.W.2d 678, 680 (1) (Tenn. 1996). Here, Mr. Shope's

failure to provide any record of the divorce proceeding precludes a showing of the elements necessary to collaterally attack the judgment. *See id.*

## V.

We find that Appellant has not shown any procedural, jurisdictional, or substantive errors of the trial court in its order finding Mr. Shope in deliberate and willful contempt of court or in the sanctions ordered. Accordingly, we affirm the trial court's disposition of this case. This case is remanded to the trial court for such further proceedings as may arise. Costs are taxed to Mr. Shope.

_____
PATRICIA J. COTTRELL, JUDGE


CONCUR:


_____
BEN H. CANTRELL, PRESIDING JUDGE (M.S.)


_____
WILLIAM B. CAIN, JUDGE