# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### March 4, 2002 Session

## JIMMY ALAN PARDUE v. THERESA DOYLE PARDUE

**A Direct Appeal from the Chancery Court for Fayette County**
**No. 12198    The Honorable Dewey C. Whittenton, Chancellor**

---

**No. W2001-01731-COA-R3-CV - Filed June 26, 2002**

---

This is an appeal from the trial court's decision denying Appellant's motion to void an Irreconcilable Differences divorce decree because it was granted within ninety-days of the divorce's filing. Though the Appellant sought the voiding of the decree as alternative relief, it appears the essence of the relief sought is child support modification. Thus, the attempt to void the decree is a collateral attack on the judgment and the ninety-day requirement cannot be used in a collateral attack to void a divorce decree.

The second issue is raised by the Appellee as to whether the trial court erred in modifying a child support amount previously agreed to by the parties

The trial court was correct in lowering the amount of support which was substantially above the guidelines. The circumstances on which an agreed upward variation is based are essential information in order to weigh whether there are changes of circumstances justifying a modification of support. If that information is missing from the agreement, the only standard the court can properly apply for modification is the significant variance test set forth in the statute.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Chancery Court Affirmed**

JUDGE D'ARMY BAILEY, SP.J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., AND DAVID R. FARMER, J., joined.

Ivan D. Harris, Jr., Collierville, For Appellant, Jimmy Alan Pardue

Andrew S. Johnston, Somerville, For Appellee, Theresa Doyle Pardue

# OPINION

On September 1, 1998, Theresa Pardue (Appellee) filed for divorce from her husband, Jimmy Pardue ( Appellant), alleging inappropriate marital conduct. The parties had two minor children at the time. A marital dissolution agreement executed by both parties was filed on the same day as Appellee's petition. The marital dissolution agreement stated that Appellant would pay Appellee child support in the amount of $950.00 on the first and fifteenth of each month. The agreed upon amount of child support represented approximately ninety percent of Appellant's gross income.

The court granted the divorce and entered a final decree on November 9, 1998. At the hearing on that day, however, the parties stipulated that the proper grounds for divorce were irreconcilable differences as opposed to inappropriate marital conduct. That petition was amended accordingly and the marital dissolution agreement was incorporated into the final decree. When the divorce was granted, the ninety-day waiting period for divorces based on irreconcilable differences had not yet elapsed.

On April 14, 2000, Appellant petitioned the court to modify the final divorce decree. Appellant's petition was later amended to additionally seek a decision that the final divorce decree was void. Appellant argued that he was unrepresented by counsel when entering in the marital dissolution agreement and that circumstances now warranted a decrease in his child support obligations. Further, Appellant argued that because the required ninety-day period had not elapsed, the decree should be declared void pursuant to Rule 60 of the Tenn. Rules of Civil Proc.

The lower court decreased Appellant's child support obligation from $1,900.00 per month to $1,000.00 per month. The court, however, refused to set aside the final divorce decree.

The first question raised is whether the final decree here is void because it was not in compliance with the ninety-day requirement of Tenn. Code Ann. § 36-4-103 (c) (2001). This failure of compliance does not render the decree void, but rather it may be voidable or valid. Gentry vs. Gentry, 924 S.W.2d 678 (Tenn. 1996). Since the decree is not void, it can only be attacked directly and is not subject to collateral attack. *Id*

This brings us then to consider whether the petitioner's challenge to the decree is Direct or Collateral. The test was stated in Jordan vs. Jordan, 239 S.W. 423, 445 (Tenn. 1922):

> If an action or proceeding is brought for the very purpose of impeaching or overturning a judgment, it is a direct attack upon it . . . On the other hand, if the action or proceeding has an independent purpose and contemplates some other relief or result, although the overturning of the judgment may be important, or even necessary to its success, then the attack upon that judgment is collateral.

*Id*. (quoting 23 Cyc. 1062).


The essential thrust of the Appellant's plea for relief appears aimed at modifying the support provision of the decree rather than voiding the divorce decree. It was not until April 14, 2000, some seventeen months after the decree, that petitioner sought a modification of the support provision of the decree. No claim was then made that the decree should be voided. It was not until April 23, 2002, that Appellant amended his claim to assert that the decree should be voided. It appears form the record that much of the impetus for this proceeding arose from a visitation dispute between the parties. Further, by his own admission, the Appellant was engaged to be married at the same time he was before the Court asserting a claim for the alternative relief of voiding the decree.

It is clear, therefore, that the primary and independent purpose of these proceedings was for a modification of support rather than overturning the divorce judgment itself. As such the Appellant's challenge constitutes a collateral attack, against which the decree is immune. The trial court was correct in refusing to declare the decree void.

The next issue is whether the trial court erred in reducing Appellant's child support obligation.

The parties by agreement set an amount of support which was more than twice what was required by the guidelines and amounted to nearly 90% of his total income. It is noted that the agreement was written in accordance with the requirements of Tenn. Code Ann. § 36-5-101 (h) (2001). Specifically, the parties acknowledge that except by the terms of the agreement, the amount of the agreed support can only be changed with court approval.

Under Chapter 1240-2-4-02 (4) of the child support guidelines, the court must review the adequacy of child support agreements before approval. Where the agreement calls for less than the guideline amount of support, it must by its terms acknowledge what the guideline amount is, and must set forth a justification showing how the lesser amount is in the best interest of the child. It can be safely assumed that where the agreed amount exceeds the guidelines, the greater amount will not compromise the best interest of the child, and there is no statutory requirement of a specific justification in this regard. *See* Tenn. Comp. R. & Regs. 1240-2-4-.02 (y) (1994).

Where there has been a deviation by agreement under Tenn. Code Ann. § 36-5-101 (h) (2001), any application for a modification of that agreement must be by the terms of Tenn. Code Ann. § 36-5-101 (a) (1) (2001):

> ... The court shall decree an increase or decrease of such allowance when there is found to be a significant variance . . . [at least 15%] between the guidelines and the amount of support currently ordered unless the variance has resulted from a previously

-3-

court-ordered deviation from the guidelines and the circumstances which caused the deviation have not changed.

Where there has been an agreement obligating the obligor to an amount in excess of the guidelines, before there can be a change in the amount, the record must set forth any change in circumstances since the entry of the decree, Haas vs. Haas, C. A. No 02A01-9604-CV-0073, 1997 WL 194852 (Tenn. Ct. App. April 22, 1997).

The court must, therefore, compare the pertinent circumstances, related to the deviation at the time of the agreement, to the circumstances at the time of the application for a change. While often the original circumstances may relate solely to the obligor's income, this need not always be so. There could be a variety of other circumstances which underlay the original upward deviation.

An example is illustrated in the case before us. At the Appellant's modification hearing, he sought to testify as to the circumstances which caused him to agree on an amount in excess of the guidelines. The Appellee objected that such information was not within the four corners of the agreement, and the trial court excluded the Appellant's testimony. However, in an offer of proof, the following testimony was elicited from the Appellant;

Q. How did you and your wife at that time come to a conclusion as to the child support you were to be paying?
A. We sat down and figured up what our bills were and based on that and what - what the debt - what our debts were at the time . . .

Q. Now what did you understand some of those debts to be?
A. Credit card bill. We had a couple of house note- a house note and a van note on her van that she drove. Items like that. I don't recall all of them.
Q. Okay. Specifically, what do you believe by the way of debts that existed at that time no longer exist today?
A. My thinking is with the amount of money that I've paid, the credit card bill should have been paid off because I think the credit on it was like twenty-five hundred or twenty-seven hundred.
        The van, she no longer owns the van. It's been sold, above and beyond that, I don't -
Q. You don't know?
A. I don't know what her bills are.

If the pertinent circumstances relied upon by the parties in agreeing to an upward deviation in support are not specified in the agreement, the trial court must inappropriately speculate as to what those circumstances were in order to make a record of whether there has

-4-

been a substantial change in those circumstances.

Where, as in the case at bar, the agreement is silent as to the circumstances for the deviation, the court cannot, pursuant to § 36-5-101 (a)(1), properly evaluate whether, "the circumstances which caused the deviation have . . . changed." Tenn. Code Ann. § 36-5-101 (a)(1) (2001). In such instances, the court must rely on the only remaining provision of § 36-5-101 (a)(1) and "decree an increase or decrease of such allowance when there is found to be a significant variance . . . ".

The trial court correctly found a significant variance and reduced the Appellant's support obligation. The judgment of the trial court is affirmed. Costs of the appeal are assessed against the Appellee, Theresa Doyle Pardue, and her surety.

_____
D'ARMY BAILEY, Sp. J.