IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
June 17, 2008 Session

## STELLENA MARIE MORELOCK, Individually and as next of kin of DELMUS HOLMER McCARTER, v. The Estate of RHIANNON R. GALFORD and DANNY McKEE

**Direct Appeal from the Circuit Court for Knox County**
**No. 3-426-06    Hon. Wheeler A. Rosenbalm, Circuit Judge**

**No. E2007-02254-COA-R3-CV  -  FILED SEPTEMBER 8, 2008**

In this wrongful death action the Trial Court granted defendants summary judgment on the grounds that plaintiff was not a proper party to maintain the action. On appeal, we affirm.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Circuit Court Affirmed.**

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the Court, in which D. MICHAEL SWINEY, J., and SHARON G. LEE, J., joined.

Lawrence P. Leibowitz and C. Ryan Stinnett, Knoxville, Tennessee, for appellant.

James S. MacDonald, Knoxville, Tennessee, for appellees.

**OPINION**

Plaintiff/Appellant, individually and as next of kin to Delmus Homer McCarter, brought this action against the Estate of Rhiannon R. Galford, et al., for the wrongful death of her biological father, Delmus Homer McCarter. The Complaint avers that McCarter and Galford were both killed when their vehicles were involved in an accident, and further, that the accident was the fault of Galford.

Defendants responded by filing a Motion for Summary Judgment, and submitted the

affidavit of Stella Rickles, the mother of Ms. Morelock, to the fact that Morelock was born in 1966 while the affiant was married to D. H. McCarter. She further stated that she and McCarter were divorced and that she later married Robert D. Newman who adopted Ms. Morelock in 1971 in Tennessee. Defendants contended that the parent-child relationship between Morelock and McCarter was terminated and she had no interest as "next of kin" in the wrongful death of McCarter.

Plaintiff filed a response to the Motion supported by her own affidavit, arguing that "[d]efendants have failed to produce any documentation or other competent evidence that any adoption of plaintiff occurred".

At the hearing on the Motion for Summary Judgment, the Trial Court overruled both Motions based on "the absence of documentary evidence concerning the alleged adoption" of plaintiff. The Court ordered that either defendants or plaintiff could obtain certified copies of the adoption records and adoption decree concerning the alleged adoption of plaintiff by Robert Newman.

Subsequently, defendants filed a "Renewed Motion for Summary Judgment" with attached certified copies of the Petition for Adoption of Stellena Marie McCarter filed on Mary 11, 1971 by Robert and Stella Newman in the Circuit Court for Knox County and the Default Judgment and Final Decree of Adoption dated September 21, 1971. The Petition for Adoption avers that Delmus Homer McCarter, the natural father of Stellena, had not had contact with Stellena nor financially supported her in over one year. The petition further states that the mother of Stellena, Stella Newman (now Stella Rickles), did not know the whereabouts of Mr. McCarter. The petition requested service of process on Mr. McCarter by publication and the Default Judgment and Final Decree of Adoption reflects that service of process was accomplished by publication and that McCarter did not answer the petition. The Final Decree of Adoption terminated all parental rights of Delmus Homer McCarter, and Ordered the adoption of Stellena Marie McCarter by the petitioners.

Plaintiff responded to the renewed Motion for Summary Judgment, arguing that the adoption proceeding was in violation of Tennessee's adoption law, and asked the Court to declare the final order of adoption and the termination of McCarter's parental rights to be null and void. Plaintiff also filed a supplemental affidavit of Stella Rickles which stated that during her marriage to Mr. Newman she prevented any interaction between plaintiff and Mr. McCarter. She also stated that when the Petition was filed in 1971, she knew the "physical whereabouts" of McCarter and that to her knowledge, no one attempted to personally serve McCarter with the petition for adoption. She further stated she did not believe that McCarter had notice of the adoption proceeding. Plaintiff did not pray that the Trial Court set aside the decree of adoption or enter an order declaring the decree of adoption void. Nor did she renew her own Motion for Summary Judgment or file an independent motion or petition asking the Court to find the decree of adoption void.

The Trial Judge ruled that the adoption of plaintiff by Robert Newman in 1971 terminated the parental rights between the plaintiff and her biological father, with the result that

plaintiff had no standing to bring a wrongful death action on behalf of her deceased father, nor was she a statutory beneficiary of any wrongful death proceeds which passed to the next of kin of Mr. McCarter, and thereby granted summary judgment to defendants.

Plaintiff appealed and raises these issues, as restated:

A. Whether the Trial Court erred when it ordered the parties to obtain the sealed adoption records?

B. Whether the Trial Court erred when it held that appellant had no standing to sue for the wrongful death of her biological father because the biological father's rights were terminated by a decree of adoption in 1971?

C. Whether the constitutional rights of the biological father were violated because he was given notice of the 1971 adoption proceeding only by publication when the biological mother and adopting father knew of the biological father's whereabouts?

D. Whether the appellant is precluded from collaterally attacking a final judgment of adoption entered in 1971?

E. Whether the Trial Court erred when it granted summary judgment as there were genuine issues of material facts and appellees were not entitled to judgment as a matter of law?

Summary judgment is appropriate only when the moving party demonstrates there are no genuine issues of material fact and that he or she is entitled to judgment as a matter of law. Tenn. R. Civ. P.56.03; *Byrd v. Hall*, 847 S.W.2d 208, 210 (Tenn.1993). The Court reviews a summary judgment motion *de novo* as a question of law without a presumption of correctness. *Finister v. Humboldt General Hosp., Inc.*, 970 S.W. 2d 435, 437 (Tenn. 1998). When the party seeking summary judgment makes a properly supported motion, the burden shifts to the nonmoving party to set forth specific facts that establish the existence of disputed, material facts which must be resolved by the trier of fact. *Blair v. West Town Mall*, 130 S.W.3d 761, 763 (Tenn. 2004). The movant must actually affirmatively negate an essential element of the plaintiff's claim or establish an affirmative defense before the non-movant's burden to produce evidence to establish the existence of a genuine issue of material fact. *Blair.*

Plaintiff contends the Trial Court had no authority to order her to obtain the sealed adoption records or to permit defendants to compel her to obtain the records under Tenn. Code Ann. § 36-1-120(h). The record does not support this statement. The Trial Court did not order the unsealing of the adoption records pursuant to that statute. The Trial Court ordered that either plaintiff or defendants could request the adoption records but the order did not indicate the Court was relying on any particular statute. Tenn. Code Ann. § 36-1- 138 provided the authority for the Court to enter

the order which permitted defendants to obtain the adoption records.

Defendants complied with the statute by properly making a motion to the Trial Court, and demonstrated the need for the adoption papers. This issue is without merit.

The remaining issues on appeal by plaintiff essentially consist of a collateral attack on the decree of adoption because service of process on McCarter by publication was improper as the biological mother knew his whereabouts.[1] Plaintiff does not address whether she has standing to bring a collateral attack on the judgment of adoption nor does she provide any authority regarding whether the final judgment could be set aside more than thirty-five years after its entry. The record does not demonstrate that she asked the Trial Court for relief from the final judgment of adoption, and as the issue was not properly raised in the Trial Court, it cannot for the first time be raised on appeal. *Gross v. McKenna*, No. E2005-02488-COA-R3CV, 2007 WL 3171155 at * 4 (Tenn Ct. App. October 30, 2007.

If service of process was inadequate as to Mr. McCarter, the Court that issued the decree of adoption would not have acquired personal jurisdiction over Mr. McCarter. *West v. Vought Aircraft Industries, Inc.*, 256 SW3d 618, 625 (Tenn. 2008). A court order is void if the court that issued the order lacked subject matter or personal jurisdiction, or there was a violation of due process. *Baggett v. Baggett*, 541 SW2d at 411 (Tenn. 1976). The Tennessee Rules of Civil Procedure do not prescribe a specific time limit for challenging a void judgment. *Pittman v. Pittman*, Nos. 01-A-01-9301-CH00014, 87-077, 1994 WL 456348 at * 2 (Tenn. Ct. App. Aug. 24, 1994). However, decrees of adoption cannot be collaterally questioned, unless the face of the record of the adoption proceedings shows affirmatively the absence of jurisdiction. *Rogers v. Baldridge,* 76 S.W.2d 655, 663 (Tenn. Ct. App. 1934).

Our Supreme Court, in *Gentry v. Gentry*, 924 S.W.2d 678 (Tenn.1996), observes:

A decree is absolutely void if it appears on the face of the record itself either that the Court had no general jurisdiction of the subject matter, or that the decree is wholly outside of the pleadings, and no consent thereto appears. A decree is void as to any person shown by the record itself not to have been before the Court in person, or by representation. A decree not prima facie void is valid and binding, until it is either

---

[1] Then Tennessee Supreme Court in *Jordan v. Jordan,* 145 Tenn. 378, 239 S.W. 423 (Tenn.1922) explained the difference between a direct attack on a judgment and a collateral attack: "If an action or proceeding is brought for the very purpose of impeaching or overturning a judgment, it is a direct attack upon it . . . . On the other hand, if the action or proceeding has an independent purpose and contemplates some other relief or result, although the overturning of the judgment may be important, or even necessary to its success, then the attack upon that judgment is collateral. " *Jordan* at 445.

(1) reversed by the Supreme Court, or by the Court of Appeals; or (2) is set aside on a complaint filed to impeach it.

All decrees not thus appearing on their face to be void are absolutely proof against collateral attack, and no parol proof is admissible on such an attack to show any defect in the proceedings, or in the decree.

*Gentry* at 680.

A judgment of a court of general jurisdiction that is collaterally attacked enjoys a presumption of validity unless the record affirmatively shows a lack of personal jurisdiction, *Dixie Sav. Stores, Inc., v. Turner,* 767 S.W.2d 408 (Tenn. Ct. App. 1988).

The record pertaining to adoption, which was attached to defendants' Motion for Summary Judgment, does not show on its face that service of process on McCarter was improper, thus depriving the Court of jurisdiction over him. While the affidavit of Stella Rickles suggests that McCarter did not know about the proceedings, such evidence of lack of personal jurisdiction is not evident on the face of the record, and the decree of adoption is not subject to this collateral attack.

In sum, the Trial Court was correct in sustaining defendants' motion for summary judgment. Although plaintiff attempted to raise an issue of material fact, i.e., the improper service on McCarter, she could not have been successful with her collateral attack on the adoption judgment on this record.

We affirm the Judgment of the Trial Court and remand, with the cost of the appeal assessed to the plaintiff, Stellena Marie Morelock.

_____
HERSCHEL PICKENS FRANKS, P.J.

-5-