IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
August 5, 2009 Session

# LAFOLLETTE MEDICAL CENTER, et al., v. CITY OF LAFOLLETTE, et a*l.*

**Direct Appeal from the Chancery Court for Campbell County**
**No. 14,922      Hon. Billy Joe White, Chancellor**

_____

**No. E2008-01381-COA-R3-CV - FILED OCTOBER 2, 2009**
_____

In this second appeal of this case, the Trial Court had entered an Agreed Order for disbursement of the funds which stated the parties had determined that the purpose of the constructive trust would best be shared out by transferring the funds to a newly created non-profit corporation known as the Lafollette Medical Foundation (the funds had been held by the Clerk of the Court). The Court directed that the trust fund would be placed in the foundation with the monies retained for potential liabilities, and the charter of the LaFollette Medical Foundation, Inc., was filed with the Court, as well as its by-laws. The City of LaFollette filed a Motion to Set Aside the Order pursuant to Rule 60, Tenn. R. Civ. P., along with affidavits. The Court conducted a hearing and filed a Memorandum Opinion finding that its order was not void because the City had been found to have no interest in the fund and the City had actual knowledge of the Foundation and its rules, and transferring the money to the Foundation best served the interest of the public rather than the money being held by the Court. The City of LaFollette appealed to this Court. We affirm the Judgment of the Trial Court.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Chancery Court Affirmed.**

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the Court, in which CHARLES D. SUSANO, JR., J., and D. MICHAEL SWINEY, J., joined.

Johnny v. Dunaway, LaFollette, Tennessee, for appellants.

Arthur G. Seymour, Jr., and Michael W. Ewell, Knoxville, Tennessee, for appellees.

**OPINION**

1

**Background**

This action originated in 1999, when plaintiffs, LaFollette Medical Center and members of the Board of Trustees, filed a Complaint for Declaratory Judgment and for Injunctive Relief against the defendants, the City of LaFollette, City Council and its members, the mayor, etc. Plaintiffs sought to keep the defendants from selling, leasing or otherwise conveying any assets of LaFollette Medical Center (hereinafter "LMC") to anyone without the express approval of the Board of Trustees. Plaintiffs asserted that such transfer was prohibited by Chapter 236 of the Private Acts of 1957 and the LaFollette City Charter.

Plaintiffs alleged that the defendant members of the City Council voted on April 13, 1999, to sell LMC to Province Healthcare Company without prior approval of the Board. Plaintiffs sought an injunction prohibiting the sale, or in the alternative, if the Court found the sale to be proper, plaintiffs sought a declaratory judgment that proceeds from the sale should be conveyed to a trust established for the continuing healthcare interests of the residents of LaFollette. Plaintiffs then amended their Complaint, to add a plea for an injunction prohibiting defendants from removing plaintiffs from office.

Defendants answered, denying they had voted to sell LMC, and averring that plaintiffs lacked standing. They also asserted the defenses of estoppel, laches and waiver. The Court entered an Order, finding that defendants' act of removing the Board members was improper because they did so without cause, and because defendants did not give the Board members proper notice that their removal was being sought, and effectively reinstated the Board members. The Court found the City had the authority to sell the assets of LMC, but made no determination as to whether they could be sold to a for-profit corporation. The Court further found that any funds from the sale of LMC should not be dissipated or committed for dissipation without notice to the Court and plaintiffs for further determination.

Plaintiffs filed an Amended Complaint, asserting that LMC was a public benefit corporation, and operated for charitable purposes, and not for profit. Plaintiffs stated that defendants had voted to transfer the assets of LMC to St. Mary's Health System, Inc., and averred that those assets should be held in trust for public purposes, and further that the sale should be made in compliance with Tenn. Code Ann. §48-62-102. They stated that if the proceeds were conveyed to the City, they would be wasted or used for some other purpose besides healthcare, and they sought a constructive trust over the proceeds, and an injunction to prohibit defendants from disposing of the proceeds.

Defendants answered, admitting that the asset known as LMC had been sold to St. Mary's. They further admitted that LMC did provide indigent care, but denied that it was a "charitable institution". Defendants denied the other pertinent allegations of the Complaint, and the Court issued a Memorandum Opinion, stating that there needed to be a constructive public benefit trust, and that no part of the assets should be used for any purpose other than general health care of

2

the community, as that was the original intent. The Court held that the funds should be carefully invested to get the most benefit, and that there should be trustees named to oversee it.

The Court entered an Order implementing its Memorandum Opinion, and also held that before any encroachment could be made upon the assets that process would have to be served and a petition filed with the District Attorney, and that no disbursement could be made without an order of the Court. The Court named Dr. Burgin Wood, Helen Broyles, and Ed Balloff as trustees, and held that they could name another trustee, and the City could name another trustee. The Court reserved ruling on attorneys fees for plaintiffs, but held that they would be paid from the residue of the corpus created, and thus granted summary judgment in favor of the plaintiffs.

The Judgment was appealed to this Court, which was affirmed on February 4, 2003. The funds were ordered to be deposited with the Clerk, and the Court thereafter ordered the Clerk to disburse $1,830.00 for payment of attorneys fees in two cases against LMC. The Court also ordered the clerk to pay attorneys fees and expenses to plaintiffs' attorney in the amount of $33,528.55, and further ordered payment of property taxes, bonds per a bond agreement, and other legal fees.

### Trial Court's Proceedings on Remand

On April 26, 2006, the Court entered an Agreed Order for Disbursement of Funds, which stated that the parties had determined that the purpose of the constructive trust could best be carried out by transferring the funds to a newly created non-profit corporation known as the "LaFollette Medical Foundation". The Court directed that the trust funds would be placed in the Foundation, with the sum of $1.3 million being retained for potential liabilities, and the Charter of the LaFollette Medical Foundation, Inc., was filed with the Court, as well as the bylaws.

Plaintiffs' attorney then filed a Motion for Leave to Withdraw, stating that he was unaware that the Foundation had been created or that the funds had been transferred. The City then filed a Motion to Set Aside Order, stating that the Agreed Order for Disbursement of Funds was entered without the filing of a Motion or Petition seeking relief or action from the Court, and without process on the parties or their attorneys of record. The City filed various affidavits and other documents in support of its Motion, and plaintiffs then filed a Motion for Recusal, asserting that one of the defendants, Shayne Sexton, was a Criminal Court Judge for the Eighth Judicial District, and Chancellor White was the Senior Judge for that district. The Court entered an Order allowing David Dunaway to withdraw as counsel for the plaintiffs.

Plaintiffs then filed a Response to Motion for Recusal, stating that it did not matter that Chancellor White was the Senior Judge for the Eighth District, there was no prohibition that would keep him from hearing the matter. Plaintiffs also filed a Response to the Motion to Set Aside Order, stating that the order was not void, that there were no "extraordinary circumstances or extreme hardship" to warrant relief under Rule 60.02(5), and the motion was not filed within a reasonable time. Plaintiffs filed affidavits and other documents in support of their Response.

The Court conducted a hearing and issued a Memorandum Opinion, finding the Order was not void, because the City had been found to have no interest in the money, but the Court placed the Mayor on the Board as a "courtesy", and had no problem with the City knowing what was going on. The Court found the City had actual knowledge of the Foundation, and that very strict rules were set up for how it would be administered, with everything being approved by the Attorney General. Finally, the Court held that the Foundation best served the interests of the public, rather than the money being held by the Court, and then overruled the motions. The City then filed a Notice of Appeal.

The issues presented for review are:

1.      Did the Trial Court err in denying appellants' Motion to set aside the April 26, 2006, Order pursuant to Tenn. R. Civ. P. 60?

2.      Did the entry of the Agreed Order for Disbursement of Funds violate the public policy of the State of Tennessee?

Appellants concede that the Trial Court's ruling on a Tenn. R. Civ. P. 60.02 motion is reviewed under an abuse of discretion standard, such that the ruling "will be upheld so long as reasonable minds can disagree as to propriety of the decision made." *Eldridge v. Eldridge*, 42 S.W.3d 82, 85 (Tenn. 2001). The trial court abuses its discretion only when it "applie[s] an incorrect legal standard, or reache[s] a decision which is against logic or reasoning that cause[s] an injustice to the party complaining." *Id.*

Appellants urge that the April 26, 2006, Order should be set aside pursuant to Tenn. R. Civ. P. 60.02(3) because it is a void judgment. Appellants point out that a judgment will be held to be void if the court lacked subject matter or personal jurisdiction, "or if the court acted in a manner inconsistent with due process." *Magnavox v. Boles & Hite Const. Co.*, 583 S.W.2d 611 (Tenn. Ct. App. 1979). A mere flaw in procedure, however, will not render an order void. *Gentry v. Gentry*, 924 S.W.2d 678 (Tenn. 1996). Further, they argue that the judgment should be held to be void because it was not signed by the attorney for the City, nor by the prior attorney of record for plaintiffs, and there was no certificate of service showing that a copy was sent to them.

Appellees argue the Order was not void due to these alleged deficiencies, and rely upon the case of *State ex rel. Phillips v. Phillips*, 2002 WL 31662544 (Tenn. Ct. App. Nov. 26, 2002). In that case, which dealt with past due child support, the father argued that the original divorce decree was invalid, because he did not sign it (he was unrepresented), and because there was no certificate of service showing that it was sent to him. As in this case, the father relied on the Tennessee Rules of Civil Procedure as support for his position, specifically Rule 58, which states that entry of a judgment is effective when signed by the judge and all parties/counsel, or when signed by the judge and one party/counsel with a certificate of service to all other parties/counsel, or when signed by the judge with a certificate of the clerk that it has been served on all other parties/counsel.

4

This Court ruled that decree was valid, relying on the general rule that:

> A decree is absolutely void if it appears on the face of the record itself either that the Court had no general jurisdiction of the subject matter, or that the decree is wholly outside of the pleadings, and no consent thereto appears. A decree is void as to any person shown by the record itself not to have been before the Court in person, or by representation.

*Gentry v. Gentry*, 924 S.W.2d 678, 680 (Tenn. 1996). In that case, the decree in dispute was also a divorce decree, and it was entered before expiration of the statutorily-mandated 90 day waiting period. *Id.* The Court held that the decree was not void due to this procedural defect, because the trial court had subject matter and personal jurisdiction, and because the judgment granted was within the scope of the pleadings. *Id.*

In *Phillips*, this Court also ruled that the divorce decree entered without the father's signature and without a certificate of service was not void, because the trial court had subject matter jurisdiction, the judgment granted was within the scope of the pleadings, and because the father was properly served with initial process, and thus the court had personal jurisdiction over him. This Court also stated that the father's petition was not timely, as it was filed ten years after the divorce decree was entered, and that petitions for relief from void judgments must be filed within a reasonable time. *Phillips*, at p. 4; Tenn. R. Civ. P. 60.02.

Similarly, in this case, the judgment at issue is not void because the Court had subject matter jurisdiction, had personal jurisdiction over the parties, and the judgment was not outside the scope of the pleadings. The Court had previously ordered that any disbursements from the fund would require notice to the attorney general and approval of the Court, and that procedure was followed. Moreover, the motion seeking to set aside the judgment was not timely filed, because it was filed some 17 months after the Order was entered.

This timeliness issue disposes of appellants' other argument, which is that relief should be granted pursuant to Tenn. R. Civ. P. 60.02(5), i.e. the "catchall" provision. Once again, the motion seeking to set aside the judgment on this basis must be filed within a "reasonable time", and the Trial Court in this case specifically found all the parties knew about the Foundation and how it was funded, thus negating appellants' argument that they lacked knowledge of what was going on until the time the motion was filed.

The evidence establishes that the proceedings surrounding formation of the Foundation and the transfer of funds were highly publicized in the newspaper over many months beginning shortly after the Order was entered, and that appellants' attorney signed an Order approving payment to the attorney who prepared the documents setting up the Foundation in 2005. Further, the attorney for the City admitted in oral argument that the Order was discovered by him in September 2007, almost three months before the motion was filed. We conclude that the motion was

not filed within a reasonable time, and thus relief is denied under either Tenn. R. Civ. P. 60.02 (3) or (5).

In this regard, appellants concede, Tenn. R. Civ. P. 60.02(5) is narrowly construed by the courts, and its standards are more demanding than those applicable to other grounds for relief under Rule 60.02. Relief pursuant to subsection (5) is appropriate in cases involving extraordinary circumstances or extreme hardship. *NCNB Nat. Bank of North Carolina v. Thrailkill,* 856 S.W.2d 150 (Tenn. Ct. App. 1993). This showing was not made in this case.

Appellants' constitutional arguments have no merit, because the Trial Court specifically ruled that the City had no property interest in the money, and this Court also found that was the case in the previous appeal in this case. Thus, there has been no showing that the Trial Court abused its discretion in denying the motion seeking to set aside the order.

Finally, appellants argue the Order should be set aside because it violates public policy, and rely upon a statute that did not take effect until July 1, 2006, 2 ½ months after the Order was entered. This argument is also without merit, because it is well-settled that statutes are not to be as a general rule given retroactive application. *American Network Group, Inc. v. Kostyk*, 804 S.W.2d 447 (Tenn. Ct. App. 1990). Moreover, this issue was not raised in the Trial Court, and thus cannot be raised for the first time on appeal. *In re MLD*, 182 S.W.3d 890 (Tenn. Ct. App. 2005).

We affirm the Judgment of the Trial Court and remand, with the cost of the appeal assessed to the City of LaFollette.

_____
HERSCHEL PICKENS FRANKS, P.J.

6