IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
October 26, 2011 Session

# IN RE: ESTATE OF MIRIAM L. RINEHART

**Direct Appeal from the Probate Court for Shelby County**
**No. D-10031      Robert Benham, Judge**

---

**No. W2011-00579-COA-R3-CV - Filed November 15, 2011**

---

This case concerns a holographic will executed by the testator while under a conservatorship. After the testator died, Appellant sought to be named personal representative over the decedent's estate and to have the decedent's holographic will probated. The decedent's daughter objected, arguing that at the time the holographic will was executed, the decedent was under a conservatorship that expressly revoked the decedent's right to make a will. The trial court granted the motion to dismiss in favor of the decedent's daughter. Discerning no error, we affirm.

**Tenn. R. App. P. 3. Appeal as of Right; Judgment of the Probate Court Affirmed**

J. STEVEN STAFFORD, J., delivered the opinion of the Court, in which ALAN E. HIGHERS, P.J., W.S., and DAVID R. FARMER, J., joined.

Richard F. Vaughn and Terry C. Cox, Collierville, Tennessee, for the appellant, John Felix Sherard.

Scott B. Peatross, Robert J. Pinstein, and John Marshall Jones, Memphis, Tennessee, for the appellee, Rebecca Rinehart Cohen.

## OPINION

### I. Background

Miriam L. Rinehart ("Decedent") died on June 20, 2010. Decedent was ninety years old at the time of her death. On July 23, 2010, Petitioner/Appellant John Felix Sherard ("Mr. Sherard") filed a Petition for Appointment of a Personal Representative, asking that he be named the personal representative of Decedent's estate. Mr. Sherard also asked that Decedent's August 13, 2007 holographic will be probated, attaching to his petition affidavits

from two witnesses as to the will's execution.

On August 24, 2010, Respondent/Appellee Rebecca Rinehart Cohen ("Ms. Cohen"), Decedent's daughter, filed a Petition to Admit Will to Probate and to Appoint Personal Representative, requesting that the court appoint her executor of her mother's estate. The will that Ms. Cohen sought to probate was a formal last will and testament executed on January 6, 2006.

On August 24, 2010, Ms. Cohen also filed a Motion to Dismiss Mr. Sherard's petition for failure to state a claim upon which relief could be granted. Ms. Cohen argued that the holographic will was void due to a prior order of the court naming Ms. Cohen the conservator of the Decedent's estate and removing Decedent's right to make a will.[1] The August 21, 2006 order granting the conservatorship states that it relies on testimony from a physician and a guardian *ad litem* in granting the conservatorship and provides:

> 3. The rights of the respondent to be transferred to the Conservator of the respondent's property are enumerated in T.C.A. Section 34-3-104(8), which include but are not limited to the following:
>
> > (a) the right to dispose of property (real, personal, or mixed),
> > (b) the right to execute instruments, deeds, notes, powers of attorney, wills, proxies, or any other legal documents . . . .[2]

Ms. Cohen argued that because the conservatorship removed Decedent's right to make a will, the August 2007 holographic will was void. In response, Mr. Sherard argued that the right to make a will could not be extinguished by a conservatorship and that the court had no power under the conservatorship statute to remove Decedent's right to make a will.

On January 18, 2011, the probate court conducted a hearing on the motion to dismiss. At the conclusion of the hearing, the court granted the motion. In the order on the ruling, dated February 9, 2011, the court based its decision on the court's previous order granting Ms. Cohen a conservatorship over Decedent's estate and found that the conservatorship had expressly removed Decedent's right to make a will as of August 21, 2006, nearly one year prior to the date of the holographic will. Mr. Sherard appeals.

---

[1] No appeal was taken from the order granting the conservatorship.

[2] Although the order granting the conservatorship was in the record, neither the pleadings or the transcripts from the prior conservatorship proceeding are contained in the record on appeal.

## II. Standard of Review

In considering an appeal from a trial court's grant of a motion to dismiss, we take all allegations of fact in the complaint as true, and review the trial court's legal conclusions *de novo* with no presumption of correctness. Tenn R. App. P 13(d); ***Owens v. Truckstops of America***, 915 S.W.2d 420, 424 (Tenn. 1996).

## III. Analysis

The sole issue before this Court is whether the August 2007 holographic will is void due to the order granting the conservatorship and removing Decedent's right to make a will. Essentially, Mr. Sherard argues that the provision of the order which removed Decedent's right to make a will is void because the court lacked authority to do so under Tennessee Code Annotated Section 34-3-104(8).[3] Accordingly, Mr. Sherard argues, the parties cannot be bound by the void order. We disagree.

At oral argument Mr. Sherard agreed, as he must, that the order granting the conservatorship was a final judgment, which was not appealed to this Court. An order granting a conservatorship is final for purposes of appeal if the order "resolves all the claims between all the parties, 'leaving nothing else for the trial court to do.'" ***In re Conservatorship of Tate***, No. M2009-02174-COA-R10-CV, 2009 WL 4841036, at *3 (Tenn. Ct. App. Dec. 15, 2009) (quoting ***State ex rel. McAllister v. Goode,*** 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997)). In cases involving the issue of whether an order granting a conservatorship is final, this Court has found that orders which are temporary or only grant relief pending a final hearing are not final. *See **Tate***, 2009 WL 4841036, at *3. In contrast, the order naming Ms. Cohen Decedent's conservator is not temporary and there was no review pending in the trial court subsequent to the order. Accordingly, the order granting the conservatorship in this case is final and could have been appealed at the time it was entered.[4]

---

[3] The statute states, in pertinent part:

> The rights the court may remove may include, but are not limited to, the right to vote, dispose of property, *execute instruments*, make purchases, enter into contractual relationships, hold a valid Tennessee driver license, give or refuse consent to medical and mental examinations and treatment or hospitalization, or do any other act of legal significance the court deems necessary or advisable.

Tenn. Code Ann. §34-3-104(8).

[4] A conservatorship may be modified in the trial court even after it becomes a final judgment. The statute allowing modification provides:

(continued...)

*See* Tenn. Code Ann. §34-6-103 ("The respondent has the right to . . . [a]ppeal the final decision of the petition [to appoint a conservator].").

Neither Mr. Sherard, Ms. Cohen, or the guardian *ad litem* representing Decedent appealed the order granting the conservatorship.[5] "A judgment becomes final in the trial

---

[4](...continued)
(a) A conservator appointed under this chapter may be discharged or have its duties modified if the court determines that the respondent is no longer a disabled person, or that it is in the best interests of the disabled person that the conservatorship be terminated, or that the conservator has failed to perform its duties and obligations in accordance with the law, or that the conservator has failed to act in the disabled person's best interest so as to warrant modification or termination. The disabled person or any interested person on the disabled person's behalf may petition the court at any time for a termination or modification order under this section.

\* \* \*

(c) The court, upon receipt of the petition filed under this section, shall conduct a hearing. At the hearing, the disabled person has all the rights set out in § 34-3-106.

Tenn. Code Ann. §34-3-108. There is no evidence in the record that anyone ever sought to modify the order granting the conservatorship or that Ms. Cohen, as Decedent's conservator, acted contrary to the best interests of her ward.

[5] Although Mr. Sherard was not a named party to the prior conservatorship proceeding, his petition to be named personal representative of Decedent's estate avers that he is a cousin of Decedent. Close relatives are entitled to notice of conservatorship proceedings. *See* Tenn. Code Ann. §34-3-104(5) (requiring that the petition to appoint a conservator include the names, addresses, and relationships of any close relatives of the prospective ward's). Regardless of whether Mr. Sherard was entitled to notice, Mr. Sherard actually received notice and became involved in the prior conservatorship proceeding. Without the record from the prior proceeding, we cannot discern the extent of Mr. Sherard's participation; nonetheless, the record in this case is clear that he did retain an attorney and participate to some extent. At the conclusion of the hearing on Ms. Cohen's motion to dismiss Mr. Sherard's petition to be named personal representative, the court stated:

> And this is mere dictum; other counsel for Mr. Sherard I believe represented him in the conservatorship. The Court clearly remembers a lot of controversy in the conservatorship, and was at that time and is still of the opinion that Mr. Sherard was an officious intervenor to cause great problems for the now decedent.

Accordingly, Mr. Sherard was clearly on notice that the court had granted a conservatorship, as well as the contents of that order, and could have appealed the order or asked the trial court to modify the

(continued...)

court thirty days after its entry if no post-trial motions are filed." *See* **Waters v. Ray**, No. M2006-01453-COA-R3-CV, 2008 WL 2557360, at \*1 (Tenn. Ct. App. June 25, 2008)**.** Once an order has become final, a party may request relief from that judgment under Tennessee Rule of Civil Procedure 60, or a party may appeal a final judgment to this Court for its review. Tenn. R. App. P. 3. If no appeal is filed within the thirty day time-frame, this Court has no jurisdiction to review the order. **Albert v. Frye,** 145 S.W.3d 526, 528 (Tenn. 2004) ("The thirty-day time limit for filing a notice of appeal is mandatory and jurisdictional in civil cases."). In addition, Tennessee courts have long held that a court order is to be given full effect, regardless of whether it was entered in error, unless and until a party "obtain[s] dissolution of the order through operation of the judicial system of review." **State v. Jones**, 1985 WL 4229, at \*3 (Tenn. Crim. App. Nov. 27, 1985), *aff'd* 726 S.W.2d 515 (Tenn. 1987); **Staton v. Tyler**, 12 S.W. 786 (Tenn. 1890); **Blair v. Nelson**, 67 Tenn. 1 (Tenn. 1874); **Rutherford v. Metcalf**, 6 Tenn. (1 Hayw.) 58 (Tenn. 1818). Because the order granting the conservatorship was entered more than thirty days prior to the filing of this appeal, the order is final and this Court has no jurisdiction to review it.

Mr. Sherard, argues, however, that even though the order in the conservatorship is final, the provision revoking Decedent's right to make a will is a nullity because the court lacked authority to do so under Tennessee Code Annotated Section 34-3-104(8). This assertion amounts to a collateral attack on the trial court's prior order in the conservatorship proceeding expressly removing Decedent's right to make a will.[6] Only a void order may be collaterally attacked in another forum.[7] *See* **Gentry v. Gentry**, 924 S.W.2d 678, 680 (Tenn. 1996). Orders of the court are presumed to be valid. **LaFollette Medical Center v. City of LaFollette**, No. E200801381COAR3CV, 2009 WL 3163136, at \*3 (Tenn. Ct. App. Oct 2, 2009)). The Tennessee Supreme Court has outlined specific guidelines for the determination of whether an order is void, stating "a decree is void and subject to collateral attack only where the trial court lacks general jurisdiction of the subject matter, rules on an issue wholly

---

[5](...continued)
conservatorship to remove the provision revoking Decedent's right to make a will.

[6] "If an action or proceeding is brought for the very purpose of impeaching or overturning a judgment, it is a direct attack upon it. . . . On the other hand, if the action or proceeding has an independent purpose and contemplates some other relief or result, although the overturning of the judgment may be important, or even necessary to its success, then the attack upon the judgment is collateral." **Gentry v. Gentry**, 924 S.W.2d 678, 679–680 (Tenn. 1996) (quoting Turner v. Bell, 279 S.W.2d 71, 75 (1955)) (citations omitted). Mr. Sherard's primary purpose in this case is to have the August 2007 holographic will admitted to probate. Accordingly, this is a collateral attack on the prior judgment.

[7]Although Mr. Sherard and Ms. Cohen were in the same court and before the same judge in both the conservatorship and probate proceedings, the two cases are distinct and have different case numbers ("D-1139" for the conservatorship proceeding and "D-10031" for the probate proceeding).

outside of the pleadings, or lacks jurisdiction over the party complaining. ***Gentry***, 924 S.W.2d at 680; ***Henderson v. Wilson***, No. M2009–01591–COA–R3–CV, 2011 WL 683905, at \*5 (Tenn. Ct. App. Feb. 25, 2011) (applying the standard in circuit court proceedings); ***In re Estate of Williams***, No. M2000-02434-COA-R3-CV, 2003 WL 1961805, at \*8 (Tenn. Ct. App. April 28, 2003) (using the standard in a consolidated probate and divorce proceeding); *see also **Tate v. Ault***, 771 S.W.2d 416, 419 (Tenn. Ct. App.1989) (holding that a judgment is void "only if the court rendering it lacked jurisdiction of the subject matter or of the parties, or if it acted in a manner inconsistent with due process of law.").[8]

In this case, the probate court had subject matter jurisdiction over the conservatorship proceeding. *See* Tenn. Code Ann. §34-3-101(a) ("Actions for the appointment of a conservator may be brought in a court exercising probate jurisdiction or any other court of record of any county in which there is venue."). Although the pleadings in the conservatorship proceeding are not contained in the record, the court's order granting the conservatorship states that it is "[b]ased on examination of the Petition for Appointment of Conservator of the Person and of the Estate of Miriam Lamberth Rinehart." Accordingly, the order granting the conservatorship was based on an issue within the pleadings. Additionally, the court clearly had jurisdiction over both the Decedent, who was a resident of Shelby County and Mr. Sherard, who is a resident of Davidson County. *See* Tenn. Code Ann. §20-2-222 ("A court may exercise personal jurisdiction over . . . [a] person domiciled in . . . the state as to any claim for relief.").

Mr. Sherard has failed to show any way that the order granting the conservatorship is void. His allegation that the trial court exceeded its statutory authority in revoking decedent's right to make a will simply does not rise to the level of error required to be successful on collateral attack. As such, this Court is precluded from considering the issue of whether the trial court was acting pursuant to statute in removing Decedent's right to make a will. Because Mr. Sherard's argument that the trial court erred in finding the August 2007 will invalid rested entirely on his argument that the order removing Decedent's right to make a will was void, we affirm the trial court's ruling that the August 2007 holographic will is void.

## IV. Conclusion

---

[8] This Court has found a violation of due process sufficient to void a judgment when one party did not receive adequate notice regarding the specific judgment that was entered by the court. *See* Pittman v. Pittman, 1994 WL 456348 (Tenn. Ct .App.1994) (finding that order granting alimony was void when wife did not seek alimony in her complaint for divorce). Mr. Sherard did not allege that he failed to receive notice or that his due process rights were violated in any way.

The August 21, 2006 order entered in the conservatorship expressly removed Decedent's right to make a will. No appeal was taken from this order and it became final thirty days after its entry. Mr. Sherard has provided us with no legal basis to review the final judgment of the probate court. Accordingly, the order of the Probate Court of Shelby County is affirmed. Costs of this appeal are taxed to Appellant, John Felix Sherard, and his surety.

_____
J. STEVEN STAFFORD, JUDGE