# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### May 20, 2014 Session

## IN RE: CONSERVATORSHIP OF MAURICE M. ACREE, JR.

### Direct Appeal from the Probate Court for Davidson County
### No. 06P-1603     Walter C. Kurtz, Judge

### No. M2013-01905-COA-R3-CV - Filed June 4, 2014

Plaintiff/Appellant appeals the trial court's judgment awarding attorneys' fees and affirming the final accounting of a trust in this conservatorship action. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Probate Court Affirmed and Remanded**

DAVID R. FARMER, J., delivered the opinion of the Court, in which ALAN E. HIGHERS, P.J., W.S., and J. STEVEN STAFFORD, J., joined.

George Ellis Copple, Jr., Nashville, Tennessee, and Suzette Peyton, Brentwood, Tennessee, for the appellant, William Q. Acree.

C. Dewey Branstetter, Jr. And Stacey K. Skillman, Nashville, Tennessee, for the appellee, Nancy Acree.

Mary Beth Boone, *Pro Se.*

June House, *Pro Se*.

## MEMORANDUM OPINION[1]

---

[1]Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

This appeal is part of a long and hard-fought battle over assets contained in two trusts - the Maurice Acree Trust ("MAT"), established by decedent Maurice M. Acree, Jr. ("Dr. Acree") and the Clara Carter Acree Trust ("CCAT"), established by Dr. Acree's mother. Prior to the commencement of a conservatorship action by Dr. Acree's son Donald Acree ("Don") in 2006, Dr. Acree was the sole trustee of the CCAT and the sole beneficiary during his lifetime. Dr. Acree and his wife, Defendant Nancy Acree (Mrs. Acree) were co-trustees of the MAT and beneficiaries of the trust for their lifetime.

In 2006, Donald filed a petition for conservatorship seeking to be named co-conservator of Dr. Acree together with his brother, Plaintiff William Acree ("William"). In 2008, Mrs. Acree and Mary Boone, Esq. (Ms. Boone) were appointed co-conservators of Dr. Acree's person. Dr. Acree was moved from Georgia to Tennessee in 2012, and from 2012 to March 2013, Mrs. Acree served as sole conservator of Dr. Acree's person. Ms. Boone and June House, Esq. (Ms. House), who also is Mrs. Acree's personal attorney, served as co-conservators of Dr. Acree's estate from 2008. They also served as co-trustees of the trusts. Dr. Acree died in March 2013.

Litigation between Don and William on one side, and Mrs. Acree, Ms. Boone, and Ms. House on the other, has been ongoing since 2006. This is the second time this dispute has been before this Court. In 2012, the Eastern Section of this Court affirmed the trial court's order construing a 2011 pleading filed by William as a Rule 60 motion and denying the same.[2] *Conservatorship of Acree v. Acree*, No. M2011–02699–COA–R3–CV, 2012 WL 5873578 (Tenn. Ct. App. Nov. 20, 2012), *perm. app. denied* (Tenn. Mar. 20, 2013) ("*Acree I*"). The current appeal arises from trial court orders entered on July 15 and 31, 2013, awarding attorney's fees and expenses to Mrs. Acree[3] from the MAT and approving the probate master's report and final accounting of the CCAT. The issues presented for our review, as presented by William, are:

1.      Did the probate court in a conservatorship err by approving a $90,000 attorney's fee for the Ward's spouse's attorney out of assets held in Trust when, in the same case in a previous appeal, the Court of Appeals had already ruled that it was improper to pay or approve such attorney's fees out of the Trust?

---

[2]The 2011 pleading sought to amend previously entered orders of the trial court on the basis that they were interlocutory and modifiable; challenged the orders as void for lack of subject matter jurisdiction; and asserted lack of personal jurisdiction. *Conservatorship of Acree v. Acree*, No. M2011–02699–COA–R3–CV, 2012 WL 5873578, at *4-5 (Tenn. Ct. App. Nov. 20, 2012).

[3]Attorneys' fees awarded to Ms. Boone and Ms. House have not been appealed.

2.      Did the probate court err by approving a final accounting of a Trust without first requiring funds wrongfully disbursed from the Trust to be recovered and repaid to it when the Court of Appeals in a previous appeal of the same case had already ruled that the funds were improperly disbursed and that the probate court should rectify on remand the error of approving said disbursements?

3.      Did the probate court err by approving a final accounting of a Trust from which funds had been disbursed for attorney's fees and which disbursements were ruled by the Court of Appeals in a previous appeal of the same case to have been improper and where the only reason given by the probate court for not requiring the funds to be recovered and repaid into the Trust was that the several improper orders approving said disbursements of attorney's fees were interlocutory and interim orders for attorney's fees that should be considered final and beyond appeal under Tennessee law despite being inconsistent with the definition of final judgment in Rule 54.02, T.R.C.P.?

The issues presented by the current installment of this serial litigation, as we perceive them, are:

(1)      Whether the trial court erred by awarding Mrs. Acree attorney's fees.

(2)      Whether the trial court erred by approving the final accounting of the CCAT.

### *Discussion*

The background facts of this matter are adequately set-forth in *Acree I*, and we find it unnecessary to restate them here. We begin our discussion of the issues currently before us by noting that Don and William have relentlessly challenged and litigated the appointment of Mrs. Acree, Ms. Boone, and Ms. House as Dr. Acree's conservators; that this protracted litigation has resulted in substantial attorneys' fees incurred by all parties; that a major portion of the funds that William asserts should be repaid to the trusts are amounts previously requested and obtained by William to pay his attorney's fees; and that, as the trial court observed, the trust assets have been depleted by the continual litigation of this matter, including litigation concerning the appropriate hourly rate to be paid attorneys. The details of this matter, contained to-date in a 13-volume technical record, are astounding and the trial court has adjudicated William's motions concerning issues ranging from whether the trusts

should purchase previously owned family silver to whether a future autopsy of Dr. Acree should include hair and nail testing in order to determine whether "serious and debilitating drugs . . . meant to harm and alter the person's mental functioning" were administered to Dr. Acree. Don has been found in contempt for defamation. (Acree I). The matter has been before multiple trial judges and we take judicial notice that a third appeal in the matter is pending in this Court.

We turn first to William's assertion that the trial court erred by approving the final accounting of the CCAT. William relies on *Acree I* for the proposition that the trial court was required on remand to order the repayment of some portion of previously awarded attorney's fees, and that it accordingly erred by approving the final accounting before such funds were repaid. We disagree with this construction of *Acree I*. In *Acree I*, the Court did not order yet another re-hashing of previously litigated attorney's fees. Rather, we affirmed the trial court's judgment construing William's 2011 "complaint" as a Tennessee Rules of Civil Procedure Rule 60 motion and its judgment denying that motion. We also noted that William attempted to collaterally attack earlier, final orders of the trial court in his 2011 pleading. We affirmed the trial court's determination that its earlier rulings were not void for lack of jurisdiction and held that the orders were final and not appealable. The sentence addressing whether attorney's fees were properly payable from the trusts was:

> There is no provision in either trust that would allow for the payment of attorneys' fees for Nancy, nor for William.

*Acree I*, 2012 WL 5873578, at *6. In light of our holding that the relevant trial court's orders approving such fees were final and not appealable, our holding in *Acree I* became applicable to prospective orders. Neither the trial court nor the conservatorship was required to sift through this voluminous record to re-examine and re-adjudicate requests for attorney's fees.

Furthermore, we also stated in *Acree I*:

> This Court has previously ruled that an order appointing a conservator is final even though it is subject to modification by the Court pursuant to statute, because it is not temporary and no review is pending. *In re Estate of Rinehart*, 363 S.W.3d 186 (Tenn. Ct. App. 2011). The same review could be applied to orders awarding attorney's fees, or any other orders entered in a conservatorship case, which often spans many years. The Supreme Court has previously explained that orders construing a will, rejecting a will, or other such orders filed in an estate are final orders subject to appeal, as it would present "substantial burdens" on the courts and litigants to make such appeals await the closing of an estate, as distributed assets could be difficult to recover.

*See In re Estate of Ridley*, 270 S.W.3d 37 (Tenn. 2008).

*Id.* at *4.

To the extent to which William reasserts that the earlier orders of the trial court with respect to attorney's fees were not final, the issue is *res judicata* and we will not reexamine it here. To the extent to which William asserts this holding was in error and should be overruled, we decline. The supreme court denied William's application to appeal in *Acree I*, and *Acree I* establishes the law of the case.

In its July 31, 2013, order approving the July 15, 2013, report of the Probate Master with respect to the CCAT, the trial court observed that the "fundamental problem" with William's objection to the report was that "it attempts to do indirectly that which cannot be done directly." We agree and affirm the trial court's observation and affirm on this issue. In so doing, we observe that William is not prevented from repaying to the trusts amounts previously awarded to him, notwithstanding this holding.

We turn next to William's assertion that the trial court erred by approving payment of Mrs. Acree's attorney's fees in the amount of $90,000 from the MAT. William's argument, as we understand it, is that *Acree I* stands for the proposition that no attorney's fees incurred by Mrs. Acree may be paid from the trust. We disagree. *Acree I* stands for the proposition that Mrs. Acree's personal attorney's fees may not be paid from the trust. It does not stand for the proposition that appropriate fees incurred by Mrs. Acree in her role as conservator may not be paid from the trust.

William also asserts that attorney's fees were not appropriate under Tennessee Code Annotated § 34-1-113 where Dr. Acree "was not contractually or legally obligated to his spouse or to her attorney for attorney's fees, as the statute requires." He further asserts that the trust was not Dr. Acree's property and not part of the conservatorship estate. This argument is disingenuous at best. That the MAT was established for Dr. Acree's benefit and included in the conservatorship estate was determined as a necessary element of the initial conservatorship proceedings and we decline to address it further.

As we noted in *Acree I*, Tennessee Code Annotated § 34-1-113 governs payments from property belonging to a person with a disability. The section provides, in relevant part:

> (a) The fiduciary is entitled to pay from the property of the minor or person with a disability the costs of any required medical examination, the guardian ad litem fee, bond premium, court costs, attorney fees, fees for income tax preparation and court accountings, investment management fees,

taxes or governmental charges for which the minor or person with a disability is obligated and such other expenses as the court determines are necessary for the fiduciary. The fiduciary shall not pay any attorney fee, guardian ad litem fee, fees for income tax preparation and court accountings or investment management fees until the amount of those fees is approved by the court.

(b) Either prior to or after payment, the court may approve payments by the fiduciary from the property of the minor or person with a disability that are reasonable considering all relevant factors, are incurred by the fiduciary in good faith on behalf of the minor or person with a disability, and are intended to benefit or protect the minor or person with a disability or such person's property, whether or not an actual benefit or protection is ultimately in fact attained. Such requests and/or payments shall be reviewed by the court pursuant to fiduciary standards.

(c) All other expenses, including those that do not comply with the requirements of subsection (b), may be approved by the court, either prior to or after payment, upon a determination that they are reasonable and:

(1) They protected or benefited the minor or person with a disability or such person's property; or

(2) That their payment is in the best interest of the minor or person with a disability.

Tenn. Code Ann. § 34-1-113(a)-(c)(2007).

Tennessee Code Annotated § 35-15-1004(2007) provides, in relevant part:

(a) In a judicial proceeding involving the administration of a trust, the court, as justice and equity may require, may award costs and expenses, including reasonable attorney's fees, to any party, to be paid by another party or from the trust that is the subject of the controversy.

Following a hearing on June 27, 2013, by order entered July 15, 2013, the trial court restated portions of earlier orders finding that Mrs. Acree, acting as conservator, "ha[d] been engulfed in litigation[,]" that attorney's fees awards had been necessary for her to carry out her duties as conservator, and that she had acted to protect and benefit Dr. Acree. The trial court repeated earlier findings that "[n]o conservator in this case could escape the onslaught of allegations and litigation that has engulfed this case. Without representation, no conservator or co-trustee could serve in this case." In its July 2013 order, the trial court engaged in a detailed examination of Mrs. Acree's request for attorney's fees and expenses in the amount of $168,862.99 from July 1, 2012 to March 8, 2013. The trial court reviewed our holding in *Acree I* and determined that Mrs. Acree was entitled to attorney's fees in the

amount of $65,000 under section 34-1-113 and additional fees in the amount of $25,000 under section 35-15-1004. Finding no error on the part of the trial court, we affirm.

In her brief, Mrs. Acree prays for attorney's fees, costs and expenses, and interest on the trial court's award of attorney's fees as damages for a frivolous appeal. The Tennessee Code provides:

> When it appears to any reviewing court that the appeal from any court of record was frivolous or taken solely for delay, the court may . . . award just damages against the appellant, which may include but need not be limited to, costs, interest on the judgment, and expenses incurred by the appellee as a result of the appeal.

Tenn. Code Ann. § 27–1–122. It is well-settled that "[s]uccessful litigants should not have to bear the expense and vexation of groundless appeals[,]" *Davis v. Gulf Insurance Group*, 546 S.W.2d 583, 586 (Tenn.1977), and that an appeal may be considered frivolous when it appears the appellant has no reasonable chance of success. *Liberty Mut. Ins. Co. v. Taylor*, 590 S.W.2d 920, 922 (Tenn. Ct. App.1979). We do not interpret or apply section 27–1–122 "so strictly as 'to discourage legitimate appeals[,]'" however. *Estate of Goza v. Wells*, No. W2012–01745–COA–R3–CV, 2013 WL 4766544, at *6 (Tenn. Ct. App. Sept. 4, 2013)(quoting *Davis*, 546 S.W.2d at 586). An award of damages for the filing of a frivolous appeal is within the discretion of the appellate court. *Marra v. Bank of New York*, 310 S.W.3d 329, 342 (Tenn. Ct. App.2009).

Notwithstanding our conclusions herein, in light of the brevity of our holding in *Acree I* regarding attorney's fees, and any ambiguity which arguably resulted with respect to whether attorney's fees incurred by Mrs. Acree in her role as conservator may be paid from the MAT assets, we decline Mrs. Acree's request for damages for a frivolous appeal.

### *Holding*

In light of the foregoing, the judgment of the trial court is affirmed. Costs on appeal are taxed to the appellant, William Q. Acree, and his surety, for which execution may issue if necessary. Mrs. Acree's prayer for damages for a frivolous appeal is denied. This matter is remanded to the trial court for enforcement of the judgment and the collection of costs.

_____
DAVID R. FARMER, JUDGE