
IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
March 22, 2017 Session

## IN RE CONSERVATORSHIP OF MARY ANNIE HAYNES

**Appeal from the Chancery Court for Rutherford County**
**No. 15CV1186       Howard W. Wilson, Chancellor**

_____

### No. M2016-00529-COA-R3-CV

_____

In connection with a conservatorship proceeding brought by appellant, the trial court found, *inter alia*, that Appellant lacked standing to challenge the transfer of his mother's home to his brother, the appellee. Appellant appealed.  Because Appellant failed to properly raise the issue of his standing and failed to submit a proper request for attorney's fees in the proceedings below, we affirm the trial court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

J. STEVEN STAFFORD, P.J., W.S., delivered the opinion of the court, in which BRANDON O. GIBSON and KENNY ARMSTRONG, J., joined.

Gary N. Patton, Murfreesboro, Tennessee, for the appellant, Timothy Haynes.

Mark L. Haynes, Murfreesboro, Tennessee, Pro Se.

### MEMORANDUM OPINION[1]

### Background

---

[1] Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value.  When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

Tenn. Ct. App. R. 10

On August 21, 2015, Petitioner/Appellant Timothy Haynes ("Appellant") filed this action in the nature of a conservatorship for his mother, Mary Annie Haynes. In addition to the prayer for a conservatorship, Appellant requested the following: (1) that Respondent/Appellee Mark Haynes ("Appellee"), Appellant's brother, be removed as Ms. Haynes's power of attorney; (2) that an injunction be entered preventing the transfer of certain real property to Appellee from Ms. Haynes, as well as preventing Appellee from spending any of Ms. Haynes's funds without court approval; and (3) that Appellee be ordered to provide a detailed accounting of all assets and expenditures since 2008 when he allegedly seized control of Ms. Haynes's property. Attached to the complaint was a quitclaim deed from Ms. Haynes to Appellee, in which she transferred her real property to him without consideration. In addition, Appellant filed an affidavit from a family member alleging that Appellee had committed domestic violence toward Ms. Haynes and that Ms. Haynes suffered from memory loss, confusion, and hallucinations.

The trial court entered an order appointing a guardian ad litem for Ms. Haynes on August 24, 2015. Ms. Haynes and Appellee were both sent written notice of the proceeding. On September 3, 2015, the guardian ad litem filed its report, indicating that Ms. Haynes was not aware of the conservatorship proceeding prior to meeting with the guardian ad litem,[2] but opposed the appointment of a conservator on the grounds that she is not disabled and that her son, Appellee, has her power of attorney and cares for her. Ms. Haynes stated to the guardian ad litem, however, that she wished for her property to be divided equally between her sons at her death. The guardian ad litem recommended a full psychological assessment on Ms. Haynes, as well as the appointment of an attorney ad litem.

On September 11, 2015, Appellee, by and through counsel, filed an answer and counter-petition. Therein, Appellee "admitted that [Ms.] Haynes may be in need of a [c]onservator" but asserted that he should be appointed as he serves as Ms. Haynes's durable power of attorney. Appellee otherwise denied that he had improperly seized control of Ms. Haynes's property and that there was a need for a detailed accounting. Appellee asserted, however, that "he is willing to share appropriate records and information regarding the affairs of [Ms.] Haynes since he began caring for his Mother and managing her affairs."

After the guardian ad litem was ordered by the trial court to file a supplemental report to comply with applicable law, a supplemental report was filed on September 25, 2015. Therein, the guardian ad litem noted that Appellee had recently purchased a burial plot for Ms. Haynes. The report further noted that Ms. Haynes's physician recommended that Ms. Haynes be appointed a conservator to make medical, financial, and residential decisions. The guardian ad litem noted, however, that the conservator need not make

---

[2] The guardian ad litem stated in her report that she read the conservatorship petition and its attachment to Ms. Haynes.

financial decisions as Appellee still serves as Ms. Haynes's power of attorney and it is still her desire that he continue in that role. Finally, the guardian ad litem recommended that, rather than choosing a brother to serve as conservator, the trial court appoint a third-party conservator due to the "lack of trust between the parties." The supplemental report did not contain a recommendation that an attorney ad litem be appointed for Ms. Haynes.

Appellant filed an answer to Appellee's counter-petition on September 28, 2015. Therein, Appellant alleged that Appellee had used his confidential relationship with Ms. Haynes "to trick, deceive, and otherwise fraudulently induce her to transfer and convey her only major asset, her home and land" to Appellee.

On January 19, 2016, Appellee filed a motion to dismiss the petition to remove him as Ms. Haynes's power of attorney due to lack of standing. Therein, Appellee alleged that Appellant had suffered no injury so as to convey standing on Appellant because Appellee had "not even used the power of attorney in any improper or detrimental way since it was granted to him by [Ms. Haynes]." Moreover, Appellee asserted that only the personal representative of Ms. Haynes's estate after her death has the power to challenge the validity of a power of attorney, citing *In re Estate of Glasscock*, No. M2011-01725-00A-R3-CV, 2012 WL 5383074 (Tenn. Ct. App. June 11, 2012). The motion to dismiss also noted that Appellant's petition to remove him as power of attorney contained no allegations that Ms. Haynes was incompetent at the time that she named Appellee as her power of attorney.

The trial court held a hearing on the petition and counter-petition on January 14 and 19, 2016. By order of February 12, 2016, the trial court ruled that Ms. Haynes was a person with a disability in need of a conservator and that it was in her best interest that Greater Nashville Regional Council, Public Guardianship Program for the Elderly to be appointed as conservator of both her person and her property. The trial court found that because of Appellee's "prior violations of the fiduciary duty owed to his mother, he is without the necessary ability to continue serving in that capacity." Specifically, the trial court noted Appellee's "long-standing pattern of violent and non-violent criminal activity, as well as mismanagement of Ms. Haynes['s] financial assets[.]" The trial court therefore removed Appellee as Ms. Haynes's power of attorney.

The trial court next ruled that Appellee had wrongfully withdrawn $4,900.00 from Ms. Haynes's bank account, which funds were not used to pay for her future funeral expenses. The trial court therefore ordered Appellee to return the $4,900.00 "minus the amount paid toward . . . funeral expenses," and to file with the court "receipts verifying the amounts paid toward funeral expenses" within thirty days, or else pay the entire amount. The trial court further ordered Appellee to provide an accounting of Ms. Haynes's finances from the time he became her power of attorney in 2008.

The trial court next found that Appellant "is without the requisite standing to request the rescission of the transfer" of Ms. Haynes's real property to Appellee. Specifically, the trial court ruled that only the donor during his or her life or the donor's heirs or personal representatives after the donor's death have standing to challenge the validity of such a transfer. The trial court further ruled that, "[a]ssuming, *arguendo*," that Appellant had standing to challenge the transfer, although Appellee stood in a confidential relationship with Ms. Haynes, any presumption of undue influence regarding the transfer of the land was rebutted by evidence that: (1) Ms. Haynes was lucid and aware of the ramifications of the transfer; and (2) Ms. Haynes consulted an attorney about her decision to transfer the property. The trial court therefore ruled that the transaction was fair despite the confidential relationship. The trial court noted, however, that the transfer of the property to Appellee appeared intended "to keep Ms. Haynes's estate from the hands of the TennCare [B]ureau." The trial court therefore informed the parties that "TennCare shall be notified of these proceedings so that they may take any action deemed appropriate." Nothing in the record indicates that TennCare has taken any action pending this appeal.

Appellant filed a motion to alter or amend on or about March 7, 2016. Therein, Appellant argued for the first time that he was entitled to attorney's fees under the Tennessee Adult Protection Act, Tennessee Code Annotated section 71-6-120(d). Thereafter, on March 10, 2016, Appellee filed a notice of appeal to this Court. The trial court held a hearing on the motion to alter or amend but ultimately denied the motion by order of April 29, 2016. On April 21, 2016, Appellee's counsel was allowed to withdraw from the representation, and Appellee thereafter represented himself pro se, both in the trial court and on appeal.

On April 25, 2016, the trial court entered an order compelling Appellee to "immediately" comply with the previously ordered accounting and to provide copies thereof to the conservator and all interested parties. The trial court also reduced the $4,900.00 award against Appellee to judgment with no further contingencies. On May 24, 2016, the trial court entered an order permitting the guardian ad litem to withdraw and approving her fees.

The trial court entered a second order discussing the accounting on July 5, 2016. Therein, the trial court noted that a hearing had taken place on May 24, 2016, in which Appellee "submitted to the [c]ourt that he was in possession of the accounting documentation and that he would file the accounting documentation by the end of the day[.]" The trial court further ruled that the matter would be reset for a further hearing on June 29, 2016, "at which time, if the accounting is not complete, that [Appellee] shall appear and show cause why if any, he has for failing or refusing to comply with the Orders of the [c]ourt." On June 20, 2016, Appellee filed a handwritten document purporting to be a motion to dismiss the case. Appellee filed a supplement to his motion on June 29, 2016. Attached to this filing was a handwritten document captioned "In re

- 4 -

Mary Haynes Accounting." Therein, Appellee listed several expenses purportedly paid from Ms. Haynes's funds, including payments to Ms. Haynes's nursing home, daily meal costs, which included "mileage, purchase, [and] labor," as well as "labor" totaling $4,877.68. Attached to the hand-written accounting was a withdrawal receipt from Ms. Haynes's bank account for $4,877.68.

On September 23, 2016, this Court entered an order dismissing Appellee's appeal for failure to file a brief. The Court noted, however, that the appeal would "proceed as to the issues to be raised by Timothy Haynes," and that he would be designated as Appellant. Per a December 22, 2016 order of this Court, the case was "submitted to the court for a decision on the record, the brief of Timothy Haynes and the oral argument of Timothy Haynes[.]" The only issues in this appeal are therefore those raised by Appellant.[3]

## Issues Presented

---

[3] At oral argument, the issue of the finality of the trial court's judgment was raised, *sua sponte*, by this Court with regard to the trial court's order for Appellee to provide an accounting of his use of Ms. Haynes's funds from 2008 until he was removed as her power of attorney. *See* **Hinson v. Beechview Corp.**, No. 01A01-9709-CH-00498, 1998 WL 272794, at *1 (Tenn. Ct. App. May 29, 1998) (holding that the case was not final because "the record contains no evidence that the accounting was ever accomplished or that final, enforceable judgment was ever rendered thereon" but nevertheless considering the appeal by waiving the finality rule using Rule 2 of the Tennessee Rules of Appellate Procedure); *see also* **McQuade v. McQuade**, No. M2010-00069-COA-R3-CV, 2010 WL 4940386, at *4 (Tenn. Ct. App. Nov. 30, 2010) ("[S]ubject matter jurisdiction may be raised at any time by the parties or by the appellate court, sua sponte on appeal.").

Our review of the record indicates, however, that the underlying case is final for purposes of this appeal. First, we note that Appellee indeed filed what purported to be an accounting on June 29, 2016. Nothing in the record indicates that Appellant objected to the accounting or that any further hearings were to be held on the issue. Rather, at oral argument, Appellee indicated that this claim had been abandoned and a separate lawsuit had been filed against Appellee by the conservator, which had resulted in a judgment against Appellee. The trial court also reduced its award of $4,900.00 against Appellee to judgment on April 25, 2016. Finally, we note this Court's previous statement in a similar case:

> To determine finality, the Court must look to whether the order is temporary and whether any review is pending in the Trial Court. This Court has previously ruled that an order appointing a conservator is final even though it is subject to modification by the Court pursuant to statute, because it is not temporary and no review is pending. **In re Estate of Rinehart**, 363 S.W.3d 186 (Tenn. Ct. App. 2011). The same review could be applied to orders awarding attorney's fees, or any other orders entered in a conservatorship case, which often spans many years.

**Conservatorship of Acree v. Acree**, No. M2011-02699-COA-R3-CV, 2012 WL 5873578, at *4 (Tenn. Ct. App. Nov. 20, 2012), *perm. app. denied* (Tenn. Mar. 20, 2013). As such, this Court is now of the opinion that the trial court's judgment is final and this Court therefore has jurisdiction to consider this appeal.

Appellant raises three issues, which are taken, and slightly restated, from his appellate brief:

1. Did Appellee, who had a confidential fiduciary relationship per se with his Mother Ms. Haynes, prove by clear and convincing evidence that the transfer of two tracts of real property was a fair transaction by rebutting the presumption of invalidity from undue influence on the basis of Ms. Haynes receiving proper and competent legal advice?
2. Is the Appellant as petitioner entitled to recover expenses, including reasonable attorney's fees under Tennessee Code Annotated section 34-1-114 from the property of Ms. Haynes?
3. Is the Appellant as petitioner entitled to recover expenses, including reasonable attorney's fees under the Tennessee Adult Protection Act, Tennessee Code Annotated section 71-6-120(b) from Appellee, for his fraudulent use of his power of attorney to take funds of Ms. Haynes for his personal use and benefit?

**Analysis**

Appellant's first issue concerns the trial court's refusal to set aside the allegedly fraudulent transfer of Ms. Haynes's real property to Appellee by quitclaim deed. As is evident from Appellant's stated issue above, Appellant specifically argues that the trial court erred in ruling that Appellee rebutted the presumption of undue influence created by Appellee's confidential relationship with Ms. Haynes by clear and convincing evidence.

As we perceive it, however, the trial court's ruling did not rest on its findings regarding undue influence but on the trial court's initial determination that Appellant lacked standing to challenge the transfer while Ms. Haynes remains living. The trial court only alternatively ruled that "[a]ssuming *arguendo*," that Appellant had standing, the presumption of undue influence had been rebutted.

Appellant did not, however, raise the trial court's ruling that he lacks standing in the issues presented section of his appellate brief. When the deficiency was noted by this Court at oral argument, Appellant insisted, however, that this issue was raised in his brief.[4] Respectfully, we cannot agree. First, it is well-settled that an issue is generally waived when it is argued in the body of the brief but not designated as an issue on appeal. *See, e.g.*, **State v. Freeman**, 402 S.W.3d 643, 653 (Tenn. Ct. App. Oct. 16, 2012; **Bunch v. Bunch**, 281 S.W.3d 406, 410 (Tenn. Ct. App. 2008); **Childress v. Union Realty Co.**, 97 S .W.3d 573, 578 (Tenn. Ct. App. 2002) (citing **Stewart v. Richmond, Shelby Law No. 50**, 1987 WL 28061 (Tenn. Ct. App. Dec. 18, 1987)) ("We consider an issue waived

---

[4] Counsel for Appellant admitted, however, that he "did not considerably raise it on my issues."

where it is argued in the brief but not designated as an issue."). Moreover, we cannot agree that this issue was sufficiently raised in the body of Appellant's brief. Standing is mentioned twice in Appellant's brief. First, with regard to Appellant's argument that he is entitled to attorney's fees under Tennessee Code Annotated section 34-1-114, Appellant states:

> [T]he Court was of the opinion that the Appellant Timothy Haynes lacked standing to bring suit to recover his mother's real and personal property for her benefit since Ms. Haynes was still alive. The Court did not provide any findings of fact or conclusions of law in denying Appellant recovery of his expenses as provided pursuant to [section] 34-1-114.

Next, again in the section of Appellant's brief dealing with attorney's fees,[5] Appellant asserts that he "has standing as next friend to recover in a civil action" under the Tennessee Adult Protection Act, Tennessee Code Annotated section 71-6-120. Neither of these bare assertions, however, in any way addresses Appellant's standing to challenge the transfer of Ms. Haynes's real property to Appellee. Rather, both arguments concern the award of attorney's fees. Furthermore, other than bare citation to statutory law, Appellant provides this Court with no analysis or citation to legal authority with regard to the trial court's dispositive ruling that he lacked standing. "It is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her, and where a party fails to develop an argument in support of his or her contention or merely constructs a skeletal argument, the issue is waived." ***Sneed v. Bd. of Prof'l Responsibility of Sup. Ct.***, 301 S.W.3d 603, 615 (Tenn. 2010). "'Courts have routinely held that the failure . . . to cite relevant authority in the argument section of the brief as required by Rule 27(a)(7) constitutes a waiver of the issue.'" ***Forbess v. Forbess***, 370 S.W.3d 347, 355 (Tenn. Ct. App. 2011) (quoting ***Bean v. Bean***, 40 S.W.3d 52, 55–56 (Tenn. Ct. App. 2000)); *see also* ***Tellico Village Prop. Owners Ass'n, Inc. v. Health Solutions, LLC***, No. E2012-00101-COA-R3-CV, 2013 WL 362815, at *3 (Tenn. Ct. App. Jan. 30, 2013) (quoting ***Hawkins v. Hart***, 86 S.W.3d 522, 531 (Tenn. Ct. App. 2001)) ("'Where a party makes no legal argument and cites no authority in support of a position, such issue is deemed to be waived and will not be considered on appeal.'"). Given that Appellant failed to raise the trial court's ruling that he lacked standing as an issue on appeal, failed to address standing in his appellate brief except with regard to the award of attorney's fees, and failed to make more than a skeletal argument concerning standing anywhere in his brief, we deem any consideration of Appellant's standing to challenge the transfer of property waived. Given the trial court's uncontested ruling that

---

[5] Specifically, this section of Appellant's argument is captioned as "Appellant is entitled to recover expenses, including Petitioner's attorney fees, under TCA § 71-6-120(d) from Appellee [] for his fraudulent use of his Power of Attorney to take **funds** of Ms. Haynes for his personal use and benefit." (emphasis added). Clearly, this caption simply does not concern Appellant's request that the trial court set aside the transfer of the real property, but rather whether Appellant should be awarded attorney's fees and expenses for the recovery of "funds" expended by Appellee through his role as power of attorney.

Appellant lacked standing to challenge the transfer, we need not consider the alternative basis for the trial court's ruling.[6]

**II.**

Appellant next asserts that the trial court erred in failing to award Appellant attorney's fees under Tennessee Code Annotated section 34-1-114 with regard to the conservatorship proceeding, as well as under Tennessee Code Annotated section 71-6-120(b) for the recovery of Ms. Haynes' property from Appellee. Under section 34-1-114, "the attorney's fee for the petitioner, may, in the court's discretion, be charged against the property of the respondent," in certain circumstances. Appellant thus argues that his attorney's fees should have been paid out of Ms. Haynes's estate. In contrast, under section 71-6-120(b):

> An elderly person or disabled adult in that person's own right, or by conservator or next friend, shall have a right of recovery in a civil action for compensatory damages for abuse or neglect, sexual abuse or exploitation as defined in this part or for theft of such person's or adult's money or property whether by fraud, deceit, coercion or otherwise.

Thus, Appellant argues, under section 71-6-120(b), he should have been awarded attorney's fees directly against Appellee.

Respectfully, we cannot agree. First, we note that Appellant's petition that initiated this litigation did not seek an award of attorney's fees under either statute. Instead, Appellant first raised his request for attorney's fees in his motion to alter or amend the trial court's judgment under Rule 59 of the Tennessee Rules of Civil Procedure. "A Rule 59 motion should not be used to raise or present new, previously untried or unasserted theories or legal arguments." *In re M.L.D.*, 182 S.W.3d 890, 895 (Tenn. Ct. App. 2005) (citing *Local Union 760 of Intern. Broth. of Elec. Workers v. City of Harriman*, No. E2000-00367-COA-R3-CV, 2000 WL 1801856, at *4 (Tenn. Ct. App. Dec.8, 2000), *perm. app. denied* (Tenn. May 14, 2001)). Furthermore, this Court has previously held that a request for attorney's fees is waived where the parties did not stipulate that attorney's fees would be considered after the resolution of other issues and no affidavit of fees was submitted during trial. *See Rountree v. Rountree*, 369 S.W.3d 122, 134 (Tenn. Ct. App. 2012) (citing *Seals v. Life Investors Ins. Co. of America*, No. M2002-01753-COA-R3-CV, 2003 WL 23093844, at *4 (Tenn. Ct. App. Dec. 30, 2003) (noting that the issue of attorney's fees was not waived by the party's failure to submit an affidavit of fees during trial only because the parties "stipulated the proof of attorney's fees could be submitted by affidavit after resolution of the [substantive] issue")). The

---

[6] We express no opinion as to the correctness of the trial court's ruling that Appellant lacked standing to contest the transfer.

record contains no stipulation between the parties that the issue of attorney's fees was to be decided after the resolution of the other actions in this case. As such, Appellant's failure to timely request an award of attorney's fees and failure to submit an affidavit in support of his attorney's fees request during the trial court's proceedings is fatal to our review in this appeal.

## Conclusion

The judgment of the Rutherford County Chancery Court is affirmed, and this cause is remanded to the trial court for all further proceedings as are necessary and are consistent with this Opinion. Costs of this appeal are taxed to Appellant, Timothy Haynes, and his surety.

_____
J. STEVEN STAFFORD, JUDGE